Underwood, &c<br>
<i>vs</i><br>
The Newport<br>
Lyceum.

---

5bm129<br>
f128    306,

# Underwood, &c. *vs* The Newport Ly. ceum.

Assumpsit.

Error to the Campbell Circuit.

Case 35.

Corporations.  Assumpsit.  Trespass.

Chief Justice Ewing delivered the opinion of the Court.

Oct. 5.

This is an action of assumpsit brought by the plaintiffs in error, against the President and Directors of the Newport Lyceum, to recover the amount of their account for engraving Bank bills for said institution, and for the steel plate made for engraving the same.

Case stated.

The defendants pleaded non-assumpsit, and demurred to the declaration, which was overruled, a trial had on the plea, and a verdict for the plaintiff for $1000. This verdict was set aside and a second trial had, in which a verdict was found for the defendants, a motion for a new trial overruled, and the case brought to this court for revision.

Two questions arise on this record: 1st. Is the assumpsit, if made, binding on the corporation? 2nd. Is the proof sufficient to sustain the assumpsit?

1st. The act incorporating the Newport Lyceum, though it confers very broad and general powers, does not confer upon the company the power of banking, or invest them with the power or privilege of emitting or putting in circulation notes, bills, or checks, "of the character and currency of Bank notes," nor to exercise any of the

<i>Tho' a charter of a corporation may not confer the power of banking, or issuing checks to pass as a currency, and it may be a penal offence to issue</i>

UNDERWOOD, &c
*vs*
THE NEWPORT
LYCEUM.

such notes or checks, yet the corporation is bound to pay for plates and notes or checks procured to be made by the officers of such corporation.

powers or privileges of banking, and these powers not having been specially conferred by their charter, the incorporated company are not only subject to the restrictive provisions of the act of 1834, (1 *Stat. Law*, 235,) which expressly inhibits the exercise of any of those powers, but by their exercise, the officers, agents, and servants of the company would fall under the penal denunciations of the act of 1812, (1 *Stat. Law*, 231.) But though the corporation is prohibited from issuing bills, notes, or checks as currency, or exercising any of the powers of banking, there is no special prohibition to be found in their charter, nor in any of the provisions of the acts referred to, or any other, restraining them from purchasing bills, checks, or notes, or from engaging the services of any one to engrave the same for them. And though it should be presumed that their object was to use those bills illegally, and in the illegal exercise of banking powers, we are not prepared to concede that their assumpsit to the plaintiffs for their labor, services, and expenses in making the steel plate and engraving them, would not be valid and enforcible against the corporation.

A corporation, as is well established by the authorities, may be made responsible in an action on the case for a tort, and even in an action of trespass, if by its managers and authorized agents, it commands the trespass to be committed, or sanctions and approves the act when committed; (1 *Chitty*, 87.) If, therefore, as a corporate body it may be made responsible for perpetrating a wrong to the injury of others, the power to do which their charter can never be presumed to confer, much more may a corporation be rendered responsible in damages for a breach of their assumpsit to strangers who may be presumed to be ignorant of their powers, by which they engaged their services, and induced them to expend their labor, time, and means, at their instance, and for their benefit. Nor can it matter whether the bills furnished, or the proceeds of the labor expended at their instance, was of value to the company, or could be used or converted by them to profitable purposes or not. Of that the managers of the institution were to judge, and not the persons employed to do the work. The work, labor, and expenses of the

A corporation may be responsible for a trespass if by its officers it commands it, or sanctions it when committed—much more may it be for an assumpsit] to a stranger for work and labor done at their instance.

employed is their consideration for the assumpsit, and is sufficient to sustain their action, whether the corporation judged rightly or not in engaging them, or could not convert the proceeds of their labor to a profitable account.

2nd. We are also satisfied that the proof was sufficient to sustain the assumpsit, and it was the duty of the jury to find for the plaintiffs some amount in damages. The services rendered were recognized by a person styling himself Cashier of the company; a large parcel of the bills came to the business house of the corporation, and many of them were filled up and signed by the President and Cashier, and some of them issued by the authority of the company. We must presume from the evidence in the case, that the President and managers of the corporation authorized the employment of the plaintiffs to render the services, or sanctioned and approved the same when rendered, received the bills, and appropriated a portion of them to the use of the company.

The precise amount or value of the bills is not shown; but it is obvious from the proof, that a large quantity were received, and it is equally obvious that the services and expenses of engraving them were of some value. The jury were, therefore, not authorized to find a verdict for the defendants, but were bound, by the proof, to find something for the plaintiffs.

The judgment of the Circuit Court is, therefore, reversed, and cause remanded that a new trial may be awarded upon the payment of costs; and the plaintiffs in error are entitled to their costs in this Court.

*Harlan & Craddock* for plaintiffs: *Cates & Lindsey* for defendant.