JAMES G. SOULARD, Plaintiff in Error, *v.* THE CITY OF ST. LOUIS, Defendant in Error.

1. *Constitution—Action.—Eminent Domain.*—Where the Legislature authorizes property to be taken for public uses, and at the same time provides how the damages for such taking may be assessed at the election of either party, and redress obtained, the common law remedy will be taken to be superseded; but where no such remedy is given at the election of the party complaining of the injury, the common law right of action remains unaltered. (See Lindell's Adm'r v. Hann. & St. Jo. RR. Co., *ante*, p. 543.)

2. *Constitution—Eminent Domain—Corporations, Municipal and Private.*—There is a well recognized distinction as to liability between the acts of a municipal corporation in the discharge of such legislative functions as have been delegated to it by the State, and those acts done by a mere private corporation in the prosecution of enterprises for its own advantage or benefit. In the former case, no action can be maintained holding it responsible, where it is pursuing in a legal manner the power thus delegated to it.

3. *Corporations—Damages—Action.*—A corporation is civilly responsible for damages occasioned by an act, as a trespass or tort, done at its command, by its agents, in relation to a matter within the scope of the purpose for which it was incorporated, Where a municipal corporation opened a street through the lands of an individual without first having the land condemned and damages assessed in the manner provided by its charter, in an action against such corporation for the damages sustained the value of the land taken will be the measure of damages, and a judgment for such damages will work a dedication of the land to the corporation.

*Error to St. Louis Court of Common Pleas.*

The plaintiff filed the following petition:

" The plaintiff states that, for more than ten years before the year 1855, he and his brothers Henry G. Soulard and Benjamin A. Soulard were proprietors in fee as tenants in common of a certain tract of land in the city of St. Louis, being the eastern part of the United States survey for James Mackay, and embracing the land in said survey taken and appropriated by the defendant for public use as Jackson street, as hereinafter stated. In the month of September, 1855, said Henry G. and Benjamin A. sold and conveyed to said plaintiff their estate and interest in said tract, and thereby the plaintiff became sole proprietor thereof in fee.

" The plaintiff further states that, in the year 1854, the

defendant, without any notice to the lawful proprietors of said tract, and without making or offering to them any compensation, and without their consent, did open and use a portion of said tract, in quantity about one acre and a half, as a public street of said city, by the name of Jackson street, and have ever since used the same as a public street to the present time.

" The plaintiff further states that the defendant, by the ordinance of its common council, has established said Jackson street, embracing the portion of said tract opened and used as aforesaid, as a public street of said city ; and the plaintiff, within the present year, has signified to the defendant his assent to such opening and use of said street on the terms of the defendant's paying to the plaintiff the first value of his land and the improvements thereon taken for such purpose.

" The plaintiff further states that the just and fair value of the portion of said tract taken and used for said street as aforesaid, together with the buildings and improvements thereon, was and is the sum of eight thousand dollars ; but no part of said sum has ever been paid to the plaintiff, or any other lawful proprietor of said land, buildings and improvements.

" For the further assurance of his claim and demand in this action', the plaintiff has obtained from said Henry G. and Benjamin A. Soulard a transfer and assignment of all their demand and causes of action against the defendant for opening and using Jackson street through said tract as aforesaid, and taking and appropriating the portion of said tract for such purposes. The plaintiff files such assignment as an exhibit; the same dated November 3, 1859.

" The plaintiff asks for judgment for eight thousand dollars damages, and interest on the same from the time when Jackson street was first opened and used through the forementioned tract of land."

To this petition a demurrer was sustained.

*R. M. Field*, for plaintiff in error.

The prejudice in the mind of the judge below against the

present action probably had its origin in the circumstance that there is no precedent for such action against the government. The rule is well established that for a wrong committed by the government in the exercise of its right of eminent domain, no suit can be maintained against the government itself in the courts of justice. This rule, however, does not arise from any peculiarity of this particular right, but is general, extending to all the debts and obligations of the government. It has its foundation in public policy, is regarded as the special prerogative of the government, and can never be claimed by private individuals or corporations.

When the power of eminent domain is illegally or unduly exercised by the government, one appropriate remedy for the party aggrieved is an action of trespass against the officers or agents through whose instrumentality the wrong is done; but when, as in the present case, the power is delegated by the government to a corporation, the latter is responsible for the abuse of the power in like manner as for the abuse of any other of its chartered powers.

It is now well settled by authority that a corporation is liable for wrongs committed in the exercise of its chartered powers to the same extent as an individual.—Goodloe v. Cincinnati, 4 Oh. 513; Akron v. Macomb, 18 Oh. 229; Thayer v. Boston, 19 Pick. 516; Bacon v. Baltimore, 2 Amer. Jur. 203; Bissell v. R.R. Co. 22 N.Y. 258. In the last cited case, the court, in its opinion, says: "Corporations, like natural persons, have capacity to do wrong; and when, in their contracts and dealings, they break over the restraints imposed upon them, an exemption from liability cannot be claimed on the ground that they have no power thus to act."

Angell & Am. (Corp. § 311) sum up the law on this subject in these terms: "As natural persons are liable for the wrongful acts and neglects of their agents done in the course and within the scope of their employment, so are corporations upon the same grounds, in the same manner, and to the same extent."

By reference to the charter of St. Louis, it will be seen that general power over streets is granted to the city in these words: "8. To open, alter, abolish, widen, extend, establish, grade, pave, or otherwise improve, clean, and keep in repair, streets," &c.

A particular mode of ascertaining damages to property owners is enjoined by 2d sec. of the charter of 1853, as follows: "Whenever the city council shall provide by ordinance for establishing," &c., "any street," &c., "and it becomes necessary for that purpose to take private property, and no agreement can be made with the owner thereof, just compensation shall be made therefor to the person whose property is so taken, which the mayor shall cause to be ascertained by a jury," &c.

The petition, in the present case, sets forth in substance, that the defendant, without any notice to plaintiff, or making or offering to him any compensation, has opened and used a public street through the plaintiff's land, taking for that purpose the quantity of about one acre and a half, and continues to use the same to the present time; for which the plaintiff seeks to recover the value of the land thus taken. That a cause of action is here set forth is too plain for argument; and it is not material whether, under the old practice, the form of the action should have been trespass case, assumpsit, or debt.

In all cases where the property is rendered by the trespass unfit for use by the proprietor, the just measure of damages is the whole value of the property; this was so decided in the case of Jones v. Gooding, 8 Mees & W. 145, where it appeared that a trench had been cut on the plaintiff's land and the soil taken away, and the court decided that the plaintiff was entitled to recover the whole value. So in Mueller v. R.R. Co., 31 Mo. 262, where the Iron Mountain R.R. Co. had entered upon the plaintiff's land, made a road-bed, and ran their trains over it, our own Supreme Court held that the just measure of damages was the whole value of the land. It

is believed that the case now before the court cannot be fairly distinguished from the one just cited.

The seventh objection taken in the demurrer is that the city had no lawful authority to take land in the manner charged in the petition. The plaintiff agrees to this proposition; it is, in truth, the precise statement of the plaintiff's grievance. The plaintiff would have had no just cause of complaint if the city and its agents had proceeded in the mode directed in the charter.

It has been urged, in argument, that the mode of ascertaining the damages provided in the charter is to be taken as exclusive of all others; and, in this connection, stress is laid on the provisions for assessing the owner and adjoining proprietors for benefits, which could not be done in ordinary actions. In answer to this, it may be said that where a particular remedy is given by statute for a pre-existing right, unless there are excluding terms, the old remedies remain. (Shepherd v. Hills, 32 Eng. L. & E. 533; Crittenden v. Wilson, 5 Cow. 165; Selden v. Canal Co., 24 Barb. 362; Carr v. Georgia R.R., 1 Kelly, 536.) The more decisive answer is that the charter of the city does not profess to give any remedy to the property owner; it simply provides a method by which the city can, if it please, ascertain the compensation through the action of its officers. The property holder cannot originate the special proceedings, nor in any way control them.

In regard to a contribution by the plaintiff for benefits received, it seems reasonable that the jury, in the present case, should consider them in the damages; but in respect to adjoining proprietors, their contributions could not be assessed, and would be lost to the city through its fault in not instituting the proper proceedings for condemnation—a result which the city ought not to be permitted to complain of.

If the present action were regarded as substantially an action of assumpsit under the old practice, the result would be the same. It is well established that where the property of one is wrongfully appropriated by another, the party

injured may waive the wrong and sue in assumpsit for the value. If it be objected that there was no contract, the answer is that where property is wrongfully taken, the law will imply a promise to pay for it. Accordingly, assumpsit for goods sold and delivered is a concurrent remedy with trespass and trover. (Chambers v. Lewis, 2 Hilton, 591, and cases cited.) It is true that the rule is, for the most part, restricted to the case of taking personal chattels, and ordinarily would not apply to a trespass to lands. This distinction is founded simply in the reason, that ordinarily the title to land passes only by deed. In the present case, the ground of the distinction does not exist; for it is settled law, that to transfer real property to public use no deed is necessary, and nothing more is requisite than the assent of the proprietor. (Hannibal v. Draper, 15 Mo. 634; Stacy v. Miller, 14 Mo. 478.) Accordingly, such actions have been maintained without objection, as in the case of McKee v. St. Louis, 17 Mo. 184; in which case the late Judge Richardson was counsel for the defendant, and took no exception to the form of remedy. (Bloodgood v. M. &. H. R.R. Co., 14 Wend. 52.)

*Casselberry*, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

The City of St. Louis has power, by its charter, "to open, alter, abolish, widen, extend, establish, grade, pave, or otherwise improve, clean, and keep in repair, streets," &c.; and by the 2d section of the 4th article of its revised and amended charter, approved March 3, 1851, (Sess. Acts 1851, p. 155,) it is provided that "whenever the city council shall by ordinance establish, open, widen, or alter any street, lane, avenue, alley, wharf, or public square, and it becomes necessary for that purpose to take private property, and no agreement can be made with the owner thereof, the corporation shall make a just compensation therefor to the person whose property is so taken." The section then further provides, with minuteness and detail, the manner in which property shall

be acquired for making streets. The whole burden is devolved on the city of taking the initiative to procure the condemnation, and no provision is made by which the value can be ascertained or the quantity of damages assessed by the voluntary action of the owners of the property. Where the Legislature authorizes an act of this kind, the natural and inevitable result of which will be to damage or appropriate the property of another, and at the same time points out the mode, at the election of either party, how these damages can be ascertained and redress obtained, the common law remedy will be taken to be superseded and the statutory remedy exclusive (Lindell's adm'r v. Han. & St. Jo. R.R. Co., decided at this term); but where no such remedy is given at the election of the party complaining of the injury, the common law right of action remains unaltered. In this case, the city proceeded to take and appropriate the plaintiff's property without pursuing the mode prescribed in its charter authorizing it to enter upon and use for its own purposes the land of another whenever it should be considered necessary or expedient for the furtherance of the public interests. The act done, then, was without authority of law; it was wrongful, and amounted to a trespass.

There is a well recognized distinction, as to liability, between the acts of a municipal corporation in the discharge of such legislative functions as have been delegated to it by the State, and those acts which are done by a mere private corporation in the prosecution of enterprises for its own advantage or benefit. In the former instance, no action can be maintained holding it responsible, where it is pursuing, in a legal manner, the power thus delegated to it; and this is all that is decided in the cases of Gurno v. St. Louis, Taylor v. St. Louis, and Hoffman v. St. Louis, to which we have been referred. Those cases were decided on correct principles, and we are not going to disturb them. If the city authorized the property to be taken, or if, after it was so taken and appropriated to public purposes by its agents or officers, their acts were ratified and confirmed, we do not see on what prin-

ciple an exemption can be claimed from making reasonable compensation. To say that no liability was incurred because the taking was wrongful and not in conformity with law, and yet to continue to use and retain the property as a public street, and, when payment is demanded, reply that the fee to the premises is still in the plaintiff, as the original appropriation was tortious and therefore no obligation arises,— seems to be arguing in a circle, and is equivalent to a total denial of justice.

A corporation is civilly responsible for damages occasioned by an act, as a trespass or tort, done at its command, by its agents, in relation to a matter within the scope of the purpose for which it was incorporated. (Ang. & A. on Corp., § 311 ; Watson v. Bennett, 12 Barb. 196.)

Accordingly, it has been held that a municipal corporation will be liable, where acts are done by its authority which would warrant a like action against an individual, provided such act is done by the authority and order of the city government, or of those branches of the city government invested with jurisdiction to act for the corporation upon the subject to which the particular act relates, or where, after the act has been done, it has been ratified by the corporation. (Thayer v. Boston, 19 Pick. 511 ; S. P., Smith v. Birmingham Gas Co., 1 Adolph & Ellis, 526 ; Eastern R.R. Co. v. Brown, 2 Eng. L. & E. 406 ; Underwood v. Newport Lyceum, 5 B. Mon. 130 ; Boom v. City of Utica, 2 Barb. 104.)

The city, in proceeding to take and appropriate the property to public use, was attempting to exercise the right of eminent domain ; but here the law most carefully and scrupulously protects individual property, and the language is that private property shall not be taken for public use without just compensation.

In regard to the measure of damages, it has already been prescribed by this court in Mueller v. St. Ls. & Iron Mountain R.R. Co., 31 Mo. 262, a case involving essentially the same principle. It was there held on the authority of Jones v. Gooding, 8 Mees & W. 145, that in an action for damages

for wrongfully entering upon land and taking and carrying away the soil, &c., the proper measure of damages is not the actual damages sustained, but the value of the land removed; and as the defendant has taken and appropriated to its own use the land used as a street, its fair and reasonable value will afford the criterion in estimating the damages.

It has been suggested that, as this is an action in the nature of a trespass, a judgment for the plaintiff would be no bar to the prosecution of another action for subsequent trespasses, and that a recovery for the full value of the land now would enable plaintiff to take an unconscionable advantage, by prosecuting another suit and again recover for what he had already received compensation. We do not assent to this proposition; we are inclined to the opinion that his receiving full value for the land would *ipso facto* work a dedication thereof to the city. But this question is really of no importance, as the plaintiff proposes to make and deliver a deed upon payment of the value of the property. Such being the case, the language of Judge Napton, in the case above alluded to, is peculiarly and strikingly applicable: " If any inconvenience results to the company from their liability to repeated actions, it is the result of their own neglect to have the land condemned, as they were authorized and required to do by their charter. A question might arise, in the event of a second action, or in a proceeding by the company, under their charter, to obtain the title, whether the damages in such subsequent proceeding would not necessarily be nominal or to some extent affected by the present judgment; but as the plaintiff proposes to make the company a deed, and considers the present suit as a final adjustment of his claim, any opinion in relation to the difficulties suggested is unnecessary."

The judgment is reversed and the cause remanded. Judge Holmes concurs; Judge Lovelace absent.