STATE *ex rel.* B. W. ROGERS, Appellant, *v.* CHARLES HUG *et al.*, Respondents.

1. *St. Charles, city of — Engineer — Street opening — Damages, assessment of — City not compelled to pay — Construction of statute.* — The charter of the city of St. Charles (Sess. Acts 1849, p. 272) in effect declared that property should not be used for opening or widening streets till damages assessed in favor of the property owners were paid, but did not provide for the rendition of any judgment, or point out any mode for the collection of damages. Under that provision, the property of appellant was condemned for the opening of a street, and damages were assessed in his favor. On appeal to the Circuit Court from the finding of the jury, appellant obtained an award for a further amount against the city. *Held,* that the statute providing for the issuing of *mandamus* against corporations, requiring them to levy special

taxes for the payment of judgments outstanding against them where an execution has been unavailing (Gen. Stat. 1865, ch. 161, §§ 77–79), has reference to a common-law judgment, regularly rendered and mutually binding, and not to such an award.

2. *Corporations, city — Opening of streets — Assessment of damages — Payment, title of property before.*— After assessment of damages to property owners for opening of streets, the city may, at her option, on payment of costs, desist from the undertaking and leave parties in *statu quo.* Such assessment does not invest the city with the right of property, nor divest the title of the property-holder till payment of the amount assessed. (City of St. Joseph v. Hamilton, 43 Mo. 282, affirmed.)

*Appeal from Sixth District Court*

*H. C. Lackland,* for appellant.

I. An abandonment of the property after condemnation completed does not affect the right of compensation. (Wilkerson v. Buchanan County, 12 Mo. 328 ; St. Francois County v. Marks, 14 Mo. 539 ; St. Francois County v. Peers, 14 Mo. 537 ; Harrington v. Commissioners Berkshire County, 22 Pick. 263 ; Hallock v. County of Franklin, 2 Metc. 558 ; Town of Hampton v. Coffin, 4 N. H. 517 ; 33 Mo. 440.)

II. The acts of a city are known by its ordinances or other formal declarations of record. The charter of St. Charles (Sess. Acts 1849, p. 270) says "the mayor and councilmen shall have power by ordinance to open, alter, abolish [abandon], widen, extend, and establish streets," etc. But no ordinance or other formal declaration was ever made by the city abandoning this condemned property, and none is pleaded by defendants in their answer. The property is still subject to and bound by the condemnation, and can be neither disposed of nor improved.

III. The payment of the money is not a part of the condemnation proceedings. After the "adequate compensation" is ascertained, the city can take possession whenever it suits its convenience — within a month, a year, or five years, or any other time—by paying the owner the assessed damages. The charter contemplates that the appropriation to public use (that is, the widening of the street) has already been made by ordinance, and the jury and trial are merely for the purpose of ascertaining what compensation (if any) is due to the persons injured by the widening of the street.

*Lewis & Bruere*, for respondents.

I. The judgment in this case was absolutely null and void. The proceeding was not a common-law one for the vindication of a common-law right, but was purely the creature of statute. The statute creating it did not authorize the entering of any judgment, nor was any law in force empowering the court to render any sort of judgment whatever for coercive effect. There was no jurisdiction for such a purpose. (Sess. Acts 1849, p. 272, §§ 3, 4; Fitzhugh v. Custer, 4 Texas, 399; Latham v. Edgerton, 9 Cowen, 227.)

II. The provision requiring payment as a precedent condition is a protection both to the individual and the corporation. It saves the former from all danger of having his property appropriated without actual compensation, and it enables the latter, in the event of an assessment beyond its means or disproportioned to the public benefit to be derived, to abandon the contemplated improvement.

WAGNER, Judge, delivered the opinion of the court.

The relator applied for, and the Circuit Court of St. Charles county granted, a writ of *mandamus* against the defendant Hug and others, who were mayor and councilmen of the city of St. Charles, to compel them to levy a special tax to pay off a judgment, which he alleged he had obtained against the said city, and upon which execution had been issued and returned unsatisfied. From the action of the Circuit Court in granting the *mandamus* an appeal was taken to the District Court, where the judgment was reversed, and the case is now brought here.

The proceedings which resulted in the rendition of the supposed judgment grew out of the acts of the city authorities in attempting to condemn certain real estate belonging to the relator. By the act incorporating the city of St. Charles (Sess. Acts, 1849, p. 272), power is given the mayor and councilmen to regulate, pave, and improve the streets, and to extend, open, or widen streets, avenues, lanes, or alleys, upon making the persons injured thereby adequate compensation; and for the purpose of ascertaining the amount of injury or damage, the mayor is authorized to cause a

State ex rel. Rogers v. Hug et al.

jury to be summoned and sworn to assess the damages. When any assessment of damages is made, either the city or any person interested feeling himself aggrieved by such assessment is allowed to appeal to the Circuit Court. Whenever any such appeal is taken to the Circuit Court, the same is to be tried as other issues in said court; and in case damages are assessed to any person by a jury or court, the same are required to be paid out of the city treasury before the property of such person can be taken for public use. (Art. VI, §§ 2–4.)

In pursuance of the above authority, the city instituted proceedings to condemn a strip of ten feet off from the end of the relator's lot on Clark street, for the purpose of making a pavement. The mayor caused a jury to be impaneled, who assessed damages, and from that assessment the relator appealed to the Circuit Court, where he obtained an award for seven hundred and fifty dollars; and this is the supposed judgment upon which this suit is founded. After the assessment in the Circuit Court, the city abandoned the enterprise, refused to pay for the property, and the relator is still in quiet and undisturbed possession thereof.

The statute makes provision for the issuance of *mandamus* against corporations, requiring them to levy special taxes for the payment of judgments outstanding against them where an execution has been unavailing. But this not such a judgment as is contemplated in the act. The law has reference to a common-law judgment, regularly rendered and mutually binding. The charter does not provide for the rendition of a judgment, nor is any mode pointed out for the collection of the damages in the case; it is only declared that the property shall not be taken till the damages are paid. This is the security which the property-holder has against the appropriation of his estate.

It was doubtless seen that juries might award damages so exaggerated and enormous that the city would be incapable of prosecuting her designs, and wholly unable to pay for the property at the assessed price. So, upon the payment of the costs, she might desist if she would, and the parties would be left in the same situation that they were in before proceedings commenced.

The simple act of assessment does not invest the city with the right of property, nor does it divest the title of the property-holder. Till payment made according to the provisions of the charter, there is no transferrence of title in the city—no divestiture from the citizen. The same question was recently before this court, upon a provision of the charter of the city of St. Joseph, which is precisely similar to the one we are now construing; and we held that after the assessment the city had the right to abandon, and that, if she refused to pay for the property and appropriate it, she would not be liable. (City of St. Joseph v. Hamilton *et al.*, 43 Mo. 282.)

That case is decisive and controlling authority here. This view of the case effectually disposes of this controversy, and renders it unnecessary to notice other matters which have been discussed.

Judgment affirmed. The other judges concur.