THE CITY OF ST. CHARLES, Respondent, *v.* BENJAMIN W. ROGERS *et al.*, Appellants.

1. *Street opening — City of St. Charles—Circuit Court — Appeal*—Certiorari. —Under the charter of the city of St. Charles, section 7, article IV (Sess. Acts 1867, p. 147), appeal will not lie to the Circuit Court from proceedings to condemn private property in that city for establishing or altering streets. Such proceedings can only be reviewed by *certiorari*. (City of St. Charles v. Stewart, *ante*, p. 132.) And the action of the Circuit Court in trying such a case *de novo* is outside of its jurisdiction and void.

*Appeal from St. Charles Circuit Court.*

*H. C. Lackland*, for appellants.

*W. A. Alexander* and *T. F. McDearmon*, for respondent.

BLISS, Judge, delivered the opinion of the court.

Most of the questions raised by this record were involved in The City of St. Charles v. Stewart, *ante*, p. 132. We then considered none of them except the right of appeal to the Circuit Court, and held that it was not granted by the charter of St. Charles from proceedings to condemn private property for establishing or altering streets, etc. In the case at bar it appears that the proceedings appealed from were had to procure a second condemnation of the same property, the council having refused to confirm the first inquest. For this cause, among others, the defendants, in every stage of the proceedings, moved to dismiss them upon the authority of St. Joseph v. Hamilton, 43 Mo. 282. We can take no action in relation to the proceedings of the council, as they are not properly before us. Those of the Circuit Court, especially in trying the case *de novo*, were beyond its

jurisdiction, and they will be set aside and held for naught; but inasmuch as defendants took the case into that court, they are not entitled to costs. It should be remarked that in St. Joseph v. Hamilton the appeal there spoken of was expressly allowed by the plaintiff's charter (Sess. Acts 1851, p. 94, § 3), while that of St. Charles contains no provision of the kind. The other judges concur.