BENJAMIN W. ROGERS, Appellant, *v.* CITY OF ST. CHARLES, Respondent.

### November 14, 1876.

1. To sustain a condemnation of property for public use there must be an attempt by the party exercising the right of eminent domain to come to an agreement with the property holder before instituting proceedings to condemn.

2. The first award, if regular, fixes the value of the property condemned, and, unless the object for which the property was taken be abandoned, is binding, and is a bar to any subsequent action to condemn the same property for the same use.

3. An objection to the form of the action was properly overruled on authority of *Soulard* v. *City of St. Louis*, 36 Mo. 546, and *Jamison* v. *City of Springfield*, 53 Mo. 224.

4. It is not in accordance with the spirit of the constitutional provision concerning taking private property for public use that the State or its agents may pronounce a piece of property necessary or unnecessary, according to the terms upon which it is possible to acquire it.

APPEAL from St. Charles Circuit Court.
*Reversed and remanded.*

*Lackland & Broadhead*, for appellant, cited: Tamm *v.* Kellogg, 49 Mo. 118; McKee *v.* City of St. Louis, 17 Mo. 184; Soulard *v.* City of St. Louis, 36 Mo. 546; Jamison *v.* City of Springfield, 53 Mo. 224; Northrupp *v.* Mississippi Valley Ins. Co., 47 Mo. 443, 444; Garner *v.* McCullough, 48 Mo. 318; The State *v.* Metzger, 26 Mo. 65; Ells and Wife *v.* Pacific R. R. Co., 51 Mo. 200; Cunningham *v.* Pacific R. R. Co., 61 Mo. 33; Jefferson County *v.* Cowan, 54 Mo. 234; Schell *v.* Leland, 45 Mo. 290; Cloon *v.* Beattie, 46 Mo. 391; Bersch *v.* Schneider, 27 Mo. 101; Hamberger *v.* Pacific R. R. Co., 43 Mo. 196; Morton *v.* Reid, 6 Mo. 64, 74; Leslie *v.* City of St. Louis, 47 Mo. 474; Anderson *v.* City of St. Louis, 47 Mo. 479; Lind *v.* Clemens, 44 Mo. 540; Fowler *v.* City of St. Joseph, 37 Mo. 228; City of St. Charles *v.* Rogers, 49 Mo. 530; City of St. Charles *v.* Stewart, 49 Mo. 132; City of St. Joseph *v.* Hamilton,

43 Mo. 282; Higgins *v.* Peltzer, 49 Mo. 155; Fithian *v.* Monks, 43 Mo. 520; Powers *v.* Hurmat, 51 Mo. 136.

*T. F. McDearmon*, for respondent, cited: Lindell, Admr., *v.* Hannibal & St. Joseph R. R. Co., 36 Mo. 543; Soulard *v.* City of St. Louis, 36 Mo. 546; Rev. Chart. St. Charles, art. 7, sec. 3 (Sess. Acts 1869, p. 151); Ells *v.* Pacific R. R. Co., 51 Mo. 200; Quincy, Missouri & Pacific R. R. Co. *v.* Kellog *et al.*, 54 Mo. 334; City of St. Charles *v.* Stewart *et al.*, 49 Mo. 132; City of St. Charles *v.* Rogers, 49 Mo. 530; Reppstein *et al. v.* St. Louis Mutual Life Ins. Co., 57 Mo. 86; Fugate *v.* Glasscock, 7 Mo. 377; Cannon *v.* McManus, 17 Mo. 345; Rogers *ex rel. v.* Hug, 44 Mo. 116.

GANTT, P. J., delivered the opinion of the court.

This was an action to recover the value of certain real estate of plaintiff, now appellant, which the city of St. Charles had taken and appropriated as a street.

In 1867 the city of St. Charles, by ordinance, provided for the widening of Clark Street, and the condemnation for that purpose of the lots of various proprietors. Under this ordinance, proceedings admitted to be entirely regular were had, resulting in the condemnation of plaintiff's lot, and awarding to him as damages therefor the sum of $1,000. The city did not pay this award, nor did it take possession of the property condemned. After the delay of a year, Rogers attempted to compel the city to pay the amount to him. The city set up, by way of an answer, that it had no further or present use for the lot, and abandoned the undertaking of widening the street. Its power to do this was declared by the Circuit Court, and the Supreme Court, on appeal (44 Mo. 116), affirmed the judgment.

Thereupon the plaintiff commenced improving his lot, and had nearly completed the erection of a building upon it when the city, having obtained a change of its charter, commenced new proceedings to condemn the same property for widening the same street to the extent as before. In this proceeding this property, which had been valued by the

former jury at $1,000, was, with its improvements, assessed at $450.

Rogers objected to this new proceeding at every stage. He claimed that the former award superseded any other, and fixed the value of the property, which the city must pay unless it abandoned altogether, the purpose of widening the street. There being no appeal to the Circuit Court, under the charter of 1869, the objections of Rogers were unavailing. *City of St. Charles* v. *Rogers*, 49 Mo. 530.

·Thereupon the city entered upon the land in controversy, ejected Rogers therefrom, and appropriated it to public use ; and Rogers brought this suit to recover its value. To this action the city answered, claiming the property under the second inquest ; averred its readiness to pay the amount of it, tendered it, and prayed judgment. This answer did not aver that, before commencing proceedings to obtain the second condemnation (the answer made no mention of the first, and the petition was equally silent as to it), the city had made any attempt to come to an agreement with Rogers as to the value of the land. For this reason plaintiff demurred. The Circuit Court overruled the demurrer. Plaintiff then replied, denying the legality and regularity of the second proceedings ; set up the first proceedings, and the award then made, as an absolute bar to the commencement of the second, alleging that the first proceedings exhausted the power of the city to condemn the property without a new legislative grant. On motion this part of the reply was struck out, plaintiff excepting. The remaining issues were tried by the court, both parties waiving a jury. Plaintiff proved the value of the property and the entry thereon by the city. The city put in evidence the second proceedings, to the admission of which plaintiff objected, because, first, it did not appear that any effort had been made to come to a private agreement with the plaintiff before commencing them ; second, because the former pro-

ceedings exhausted the power of the city, etc. These objections were overruled, plaintiff excepting. Defendant then gave evidence that the sum of $450 had been tendered to the plaintiff.

Plaintiff then proved affirmatively that no attempt had been made by the city to come to a private agreement with him before commencing the second proceedings, and offered in evidence the record of the first proceedings. The court, on defendant's objection, excluded this record, and plaintiff excepted.

This was substantially all the evidence ; and the plaintiff asked the following declarations of law, viz. :

1. That the omission of all effort to come to an agreement with plaintiff was fatal to the jurisdiction of the recorder to maintain the second proceedings.

2. That the first condemnation exhausted the power of the city, and that it could not institute the second proceedings to appropriate the same land to the same purposes, the first proceedings remaining valid, though it might altogether abandon the purpose originally contemplated.

I. An objection was made by the defendant below to the form of the action. This objection was overruled by the court, and properly, on the authority of the cases of *Soulard* v. *City of St. Louis*, 36 Mo. 546, and *Jamison* v. *City of Springfield*, 53 Mo. 224.

II. The omission of the record of the second condemnation to state an attempt on the part of the city to come to an agreement with the plaintiff was fatal to the validity of that record. Without such attempt the recorder acquired no jurisdiction of the case, and the proceedings before him were null and void. In the recent case of the *Kansas City, St. Joseph & Council Bluffs Railroad Company* v. *Campbell* et al., 62 Mo. 585, this point is decided in conformity with numerous previous similar adjudications of it by the Supreme Court of Missouri, which are cited.

III. If this were all, the cause must be remanded for the ascertainment of the value of the property by the verdict of the jury; or, possibly, for proceedings to condemn it anew.

But we are of opinion that this value is fixed by the first award; that this is binding upon the city, except in the event of the abandonment of the design of widening the street; and that it is not competent for the city, adhering to its original purpose to widen the street, to have recourse, tentatively, to a number of juries, to reject such findings as *it* does not think eligible, and to fasten upon and hold the citizen to the first one which places an estimate in its eyes sufficiently low upon the property the condemnation of which is sought. Argument would be wasted upon the unreasonableness and thorough injustice of such a course of action. No illustration can make them plainer than the mere statement of the proposition. It is matter of experience — and, if experience were wanting, the faintest sagacity could discern beforehand — that the projecting of an improvement involving the opening or widening of a street, whatever may be its effects upon adjacent property, is certain to depress the value of the ground which, in the event of the opening or widening, will become public. It is still more true that, so long as it remains uncertain whether a particular piece of land will be condemned for public use, all profitable private use of it is at least suspended. The resulting injury is proportioned to the time during which the uncertainty continues, and if to influences so disastrous upon the interests of the land-holder be added a power, on the part of the corporation exercising, by delegation, the right of eminent domain, to impanel as many juries as may seem expedient, and to reject every award which, in its eyes, is not small enough, the owner of the property having, in the meantime, no voice or right of resistance against such oppression, a condition of things would be presented which we believe to be unwarranted by any constitutional government where spoliation is forbidden by the

fundamental law. We cannot perceive what possible advantage can arise from the constitutional declaration that private property shall not be taken for public use without just compensation, if the State or any of its deputies, exercising the right of eminent domain, may cause as many inquests as it pleases of the value of the property to be condemned, and set aside as many of them as it sees fit, until one is found sufficiently small to suit its notions of a just compensation, and then to declare it to be so. Of course, this permits one of the parties to a controversy to determine a judicial question in his own favor, and compel the other party to submit to the decision. We cannot conceive of a grosser solecism, nor of one more at war with the institutions and laws of Missouri. Dill. on Mun. Corp., 2d ed., sec. 473, note 1; The State ex rel. v. City of Keokuk, 9 Iowa, 438; City of St. Joseph v. Hamilton, 43 Mo. 282–288.

Our Supreme Court has decided that the State, or any corporation to which it may delegate the right of eminent domain, may, before the consummation of proceedings to condemn private property for public use, abandon the enterprise in aid of which the condemnation is sought. North Missouri R. R. Co. v. Lackland, 25 Mo. 515; The State ex rel. v. Hug et al., 44 Mo. 116. In such cases, however, the party exercising, by delegation, the tremendous power known as the right of eminent domain must act in good faith. The exercise of this right can only be justified on the ground of the necessity of the particular property for the public use. To allow the State, or any deputy of the State, to pronounce a particular piece of property necessary or unnecessary, according to the terms on which it may be possible to acquire it; to enable the State, or any corporation, to be the sole judge of the due correspondence between the property and its variously-estimated value; to cause a thousand estimates to be made, and to have the unrestricted right of rejecting, toties quoties, every estimate which did

not suit its views, would be thought an extravagant idea of arbitrary power if it were imagined in a satire. If the purpose of making the proposed public work be abandoned, the finding of its value by the jury is ineffectual, and all that remains to be done is to compensate the property owner for the damage inflicted on him by the inquest. *North Missouri R. R. Co.* v. *Lackland*, 25 Mo. 515 ; *Leisse* et al. v. *St. Louis & Iron Mountain R. R. Co.*, 2 Mo. App. 105.

But if the purpose, instead of being abandoned in good faith, is merely modified so as to enable the party exercising the right of eminent domain to take the chances of a verdict of another jury, the first proceedings are a flat bar to such a course ; and this for the sufficient reason that any other rule would work monstrous oppression and spoliation.

We do not mean to say that there may not be, on the part of a municipal or other corporation, an abandonment of a particular project in a given year — let us say in the year 1870 — and in the year 1874 a revival of the same measure. What we do mean to say is that such a corporation shall not, under color of this power, set at naught the constitutional provision that just compensation shall be made for all private property taken for public use. It is not easy in all cases to draw the line of distinction between what is a legitimate exercise of administrative discretion and what is an oppression practiced under color of such discretion. Every one can state extreme cases which plainly belong to the one or the other category. But it is equally plain that instances may occur in which the existence or, non-existence of debatable facts, prominent among which is the good faith of the alleged abandonment, will determine the category to which the particular case must be referred. We need not enlarge on this head, as the judgment must be reversed because no attempt was made to come to an agreement with Rogers before proceeding to the second inquest. For that reason, without more, it was a nullity ; and the city, having

taken plaintiff's land, must answer to him for its value. The judgment is reversed and the cause remanded.

Judge LEWIS, having been of counsel in a similar case, does not sit.    Judge BAKEWELL concurs.