CLINKENBEARD v. CITY OF ST. JOSEPH, *Appellant.*

Division Two, June 12, 1894.

|122  641|
|59a 570|

City: STREET: CHANGE OF GRADE: DAMAGES. A city's liability for damages, arising from a change of grade in a street, does not extend to damages to improvements placed on the land of an abutting owner after the establishment of the grade. *Davis v. Railroad,* 119 Mo. 180.

*Appeal from Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED AND REMANDED.

*Huston & Parrish* for appellant.

The house was constructed after the street grade was established and this case falls within the doctrine of *Davis v. Railroad,* 119 Mo. 180.

*Vinton Pike* and *Willard P. Hall* for respondent.

(1) The provisions of the constitution of this state, which prohibit the damaging of private property for public use without just compensation to the owner, apply to all material changes of the natural surface of the street made for the purpose of making the street conform to the grade lines first established by the city, as fully and completely as they do to changes of the grade of the street after it has once been established and constructed. The citizen has the same right to the original surface of the street that he has to the grade of the street after said grade has once been established and the street brought thereto. *Hickman v. Kansas City*, 120 Mo. 110; *Davis v. Railroad*, 119 Mo. 180; *City of Ft. Worth*, 22 S. W. Rep. 1059; *O'Brien v. Philadelphia*, 24 Atl. Rep. 1047; *Bloomington v. Pollock*, 31 N. E. Rep. 146; *Jones v. Bangor*, 23 Atl. Rep. 253. (2) The grading in this case caused material changes in the original surface of the street. A fill was made in the street in front of plaintiff's property from six to ten feet deep. Authorities *supra*. (3) The court committed no error against defendant in instructing the jury that the measure of damages was the difference between the market value of the property before, and the market value of the property after, the grading of the street. If there was any error, it was in defendant's favor. *Hickman v. Kansas City*, *supra*, and cases cited; *City of Ft. Worth*, 22 S. W. Rep., 1059; *Bloomington v. Pollock*, 31 N. E. Rep. 146. (4) The provisions of the statutes invoked by the appellant's counsel, requiring the appropriation of money before the incurring of a pecuniary liability by the city, have no application to the liability of the city for a wrong done by it. The liability of the city in this case is imposed by the constitution, and can not be evaded by any failure of the

city's .officers to perform duties created by law for the city's protection. *Hickman v. Kansas City, supra.*

SHERWOOD, J.—Action for damages against the defendant city for damages caused by the grading of a street in front of plaintiff's property, the building on which was erected after the grade of the street was established by the city.

This case falls within the rule announced in *Davis v. Railroad,* 119 Mo. 180, in which it was held that liability for damages did not extend to injury for improvements put on the lot after the grade was established, but was confined to damage done to the lot, without reference to such improvements.

Adhering to the rule announced in that case, we reverse the judgment and remand the cause. All concur.