122 643
132 640

SMITH *et al.* v. THE CITY OF ST. JOSEPH, *Appellant.*

Division Two, June 12, 1894.

1. City: CHANGE OF STREET GRADE: DAMAGES: CONSTITUTION. A city is not relieved from its liability under the constitution for damages to a property owner, caused by a change in a street grade, though no money was appropriated therefor by the common council, as required by Revised Statutes, 1889, section 1303.

2. ——: ——: ——: ——. A city is liable under the constitution (art. 2, sec. 21) to the property owner for damages caused by the first material change of the grade of a street from the natural surface.

3. ——: ——: ——: ——. Lots damaged by a change of street grade in front of them are chargeable only with the special benefits accruing from such change of grade, and not with any general benefits shared in common with other owners on the street.

4. Supreme Court Practice: INSTRUCTION: HARMLESS ERROR. An instruction too favorable to appellant, and given at his instance, though erroneous, constitutes no ground for a reversal of the judgment.

*Appeal from Buchanan Circuit Court.*—Hon. Henry M. Ramey, Judge.

Affirmed.

*Huston & Parrish* for appellants.

(1) Plaintiff was not entitled to recover under the pleadings. *Gaus v. Railroad,* 113 Mo. 309; *Julia Building Association v. Tel. Co.,* 88 Mo. 273; *Smith v. Railroad,* 98 Mo. 24. Under the law the city council could not make a valid contract with the property owners for the purchase of the right to grade, unless an appropriation was made therefor; what it could not do directly it could not do indirectly. *Stewart v. City,* 79 Mo. 605; *Worth v. Springfield,* 76 Mo. 107; *Worth v. Springfield,* 22 Mo. App. 12; *Crutchfield v. Warrensburg,* 30 Mo. App. 456. (2) Plaintiff's first instruction is erroneous in that it did not state the rule correctly as to the measure of damages. A public improvement may depreciate the value of private property and yet not be actionable under our constitutional provision. *Julia Building Ass'n v. Bell Tel. Co.,* 88 Mo. 258; *Van de Vere v. Kansas City,* 107 Mo. 83; *Gates v. Railroad,* 111 Mo. 28; *Gaus & Co. v. Railroad,* 113 Mo. 309; *Rude v. St. Louis,* 93 Mo. 414; *Rigney v. Chicago,* 102 Ill. 64; *Davis v. Railroad,* 119 Mo. 180. The constitutional provision is confined to cases where the common law gave a remedy against a private person, but denied it where the act was done under legislative authority by a municipality. *Rigney v. Chicago,* 102 Ill. 64; *Chicago v. Taylor,* 125 U. S. 161.

*Vinton Pike* and *Willard P. Hall* for respondent.

(1) The provisions of the constitution of this state, which prohibit the damaging of private prop-

Smith v. The City of St. Joseph.

·erty for public use without just compensation to the
owner, apply to all material changes of the natural
surface of the street made for the purpose of making
the street conform to the grade lines first established
by the city, as fully and completely as they do to
changes of the grade of the street after it has once
been established and constructed.    The citizen has the
same right to the original surface of the street that he
has to the grade of the street after said grade has once
been established and the street brought thereto.    *Hick-
man v. Kansas City*, 120 Mo. 110; *Davis v. Railroad*,
119 Mo. 180; *City of Fort Worth*, 22 S. W. Rep. 1059;
*O'Brien v. Philadelphia*, 24 Atl. Rep. 1047; *City of
Bloomington v. Pollock*, 31 N. E. Rep. 146; *Jones v.
Bangor*, 23 Atl. Rep. 253.    (2) The grading in this
case caused material changes in the original surface of
the street.    A fill was made in the street in front of
plaintiff's property from six to ten feet deep.    Author-
ities *supra*.    (3) The court committed no error against
defendant in instructing the jury that the measure of
damages was the difference between the market value
of the property before, and the market value of the
property after, the grading of the street.    If there was
any error, it was in defendant's favor.    *Hickman v.
Kansas City*, 120 Mo. 110, and cases cited; *City of Ft.
Worth*, 22 S. W. Rep. 1059; *Bloomington v. Pollock*,
31 N. E. Rep. 146.    (4) The provisions of the stat-
utes invoked by the appellant's counsel requiring the
appropriation of money before the incurring of a pecu-
niary liability by the city have no application to the
liability of the city for a wrong done by it.    The
liability of the city in this case is imposed by the con-
stitution, and can not be evaded by any failure of the
city's officers to perform duties created by law for the
city's protection.   *Hickman v. Kansas City, supra.*

GANTT, P. J.—Mrs. Smith and her husband brought this action against the city of St. Joseph for damages which they allege were done to certain lots belonging to Mrs. Smith, in block 11, in the St. Joseph Eastern Extension Addition to said city, by grading Twenty-third street on which said lots abutted. Plaintiffs recovered judgment for $250 from which the city has appealed.

The city relied, for its defense to the action, upon a general denial, and upon the following facts, which were admitted: *First*, that the grading complained of was done in reducing the street to an original or first grade, which was reasonable and constructed in a prudent manner; *second*, that no money had been appropriated to pay any claim for damages incident to said grading. The assignments of error will be noticed in their order.

I. The failure of the city to appropriate money to cover the damages accruing from the grading is no defense. The statute which is invoked by defendant (section 1303, R. S. 1889,) has no application to a case where a city has committed a tort upon one of its citizens. To permit it to plead its own neglect to provide for damages of its own commission would be subversive of all distinctions between right and wrong. It can not escape the liability imposed upon it by the constitution in this manner. *Hickman v. Kansas City*, 120 Mo. 110; *Jamison v. Springfield*, 53 Mo. 224.

II. Counsel for the city contends that, inasmuch as it stands admitted that the grading complained of was done in reducing the street to an original or first grade, plaintiffs can not recover under the pleadings.

In other words, they assume that the constitution of 1875 does not give an action for damages occasioned to property by grading the streets for the first time;

that it must be presumed that every person purchasing a lot on an ungraded street did so in anticipation that the street would some day be brought to a grade by the city to conform to other streets and for all necessary draining and urban improvements. It is this constitutional question alone which gives this court jurisdiction of the case, as, otherwise, it is clearly without our jurisdiction.

We are relieved of further discussion of the question by the very satisfactory and convincing decision in *Davis v. R'y Co.*, 119 Mo. 180, in which division number one of this court, through MACFARLANE, J., held that, under section 21 of article 2 of the constitution of 1875, a city is liable to abutting property owners for a material change of the grade of a street from the natural surface. That decision was subsequently approved by this court *in banc* in *Hickman v. Kansas City*, 120 Mo. 110. As plaintiffs' first instruction was consistent with those decisions, no error was committed in giving it.

III. The only remaining assignment is that which complains of the action of the circuit court in amending defendant's fifth instruction by inserting therein the words "in front of said lots."

The instruction as asked by defendant was in these words:

"5. Even if the jury should find that the plaintiffs may have been injured by the grading of the street in front of their property, yet, as against such damage, if any, you are instructed to deduct such special benefits, if any, as have been conferred upon plaintiffs' said lots by the grading of Twenty-third street; and if such benefits are, in the opinion of the jury, equal to, or in excess of, plaintiffs' damage, then your verdict must be for the defendant."

The words "in front of said lots" were inserted at the end of the fifth line after the words "Twenty-third street," by the court, so as to make it read:

5.   "Even if the jury should find that the plaintiffs may have been injured by the grading of the street in front of their property, yet, as against such damage, if any, you are instructed to deduct such special benefits, if any, as have been conferred upon plaintiffs' said lots, by the grading of Twenty-third street 'in front of said lots;' and if such benefits are, in the opinion of the jury, equal to, or in excess of plaintiffs' damage, then your verdict must be for the defendant."

We do not thinks the words inserted by the court altered the meaning of this instruction.   Learned counsel contend that they had the effect to limit the special benefits to such benefits only as resulted to the property *from the grading of the street directly in front of said lots*.   We think this is true, but it does not, therefore, constitute error.   The city can not set off the general benefits that would inure to plaintiffs in common with all property owners from the grading of this street.   The property owner is confined to the damage specially done to his lot and the benefits to be offset are those that grow out of the improvements which cause the damage to his property.   He is not chargeable with those general benefits which he would derive in common with other landowners along said street by having a well graded street leading to or from his property.

However plausible and reasonable it may appear that he ought not to recover damages, if, in common with all other abutting proprietors, his property has been enhanced in value, by the general improvements, it is now settled in this state that he is not chargeable

with such general improvement in front of others. *Hickman v. Kansas City*, 120 Mo. 110.

The fact is that defendant succeeded in getting an instruction from the court more favorable to it than is warranted by our decisions. The court instructed the jury that the measure of damages was the difference between the market value of the property before the grading, and the market value after the grading, caused by said grading. Under this instruction, the jury might have well considered that the grading of this street along its whole length increased the value of every foot of ground abutting on it, far in excess of all special damages resulting to any lot on it, and in this manner have found there was no damage to plaintiffs. The rule announced in the instruction, it seems to me, has much to commend it, but it has been determined otherwise by this court *in banc* without dissent and to its decision, I yielded my own individual opinion, at the time. It is clear, however, that no harm could have resulted to defendant from this too favorable instruction which defendant itself procured. The judgment is affirmed. Burgess and Sherwood, JJ., concur.