## OTTOMEYER et al., Appellants, v. PRITCHETT et al.

### Division One, November 25, 1903.

1. **New Trial: EXCLUSION OF EVIDENCE.** Where no evidence offered by defendants was excluded, the court should not grant them a new trial on the ground that the court had "excluded competent testimony offered by defendants."

2. **Reforming Deed: MISTAKE OF SCRIVENER.** The grantor conveyed land to his son and his wife "in trust for the sole use and benefit of their children, Louis, John, and Catherine, and any other children that may be born to them in future." The testimony showed that the grantor said to the scrivener at the time the deed was drawn, that he wanted "it fixed so that his son could not squander the land and so that he could keep it and raise his children." *Held*, that the evidence did not show that any mistake had been made by the scrivener.

3. ———: **CORRECTION BY ANOTHER DEED.** A grantor, after he has conveyed land to his son and his wife in trust for their children living and to be born, can not, fifteen years afterwards, without the consent or knowledge of such children, divest them of the absolute estate thereby created, by making another deed in which he gives to the son a life estate, remainder to his children, reciting therein that it was made to correct the mistake made in the former deed.

4. **One New Trial.** Where there is no substantial evidence upon which to base the court's order granting a new trial, and the case is such that no verdict in favor of the party to whom the new trial was granted could ever be allowed to stand, the Supreme Court will set aside the order of the trial court granting a new trial, even though it was the first new trial given.

Appeal from Jefferson Circuit Court.—*Hon. Frank R. Dearing*, Judge.

REVERSED AND REMANDED (*with directions*).

*Kleinschmidt & Reppy* for appellants.

(1)   It is only where there is substantial conflict in the evidence that the appellate court will not review the action of the trial court in granting a new trial, because the verdict is against the evidence or the weight of the evidence.   Bank v. Wood, 124 Mo. 77; Havens v. Railroad, 155 Mo. 216; Herndon v. Lewis, 74 S. W. 976. (2)   When property is vested in one person, in trust for another, and the nature of the trust is not prescribed by the donor, the *cestui que trust* is entitled to the actual possession and enjoyment of the property and to dispose of it.   Perry on Trusts, sec. 520; Cromwell v. Wulff, 148 Mo. 556; Pugh v. Hays, 113 Mo. 432.   (3) Where no duty is imposed on a trustee, either expressly or by implication, the statute of uses and trusts vests the legal title in the *cestui que trust,* and a mere expressed or implied intention of the donor that the legal title shall remain in the trustee is not sufficient to defeat the statute of uses.   Pugh v. Hays, supra.   (4) Where an estate is conveyed to trustees for a particular purpose, the legal estate vests in them, as long as the execution of the trust requires it, and no longer.   Pitts v. Sheriff, 108 Mo. 116; Roberts v. Moseley, 51 Mo. 282; Dean v. Long, 128 Ill. 458; Speed v. Railroad, 163 Mo. 129.   (5)   Where the trustee repudiates the trust and has taken adverse possession with the knowledge of the beneficiaries who are *sui juris,* the statute of limitations begins to run from the time such knowledge is brought to such beneficiaries.   27 Am. and Eng. Ency. Law (1 Ed.), p. 104; Goodwin v. Goodwin, 69 Mo. 621; Walton v. Ketchum, 147 Mo. 209.

*Sam Byrns* for respondents.

MARSHALL, J.—This is an appeal from an order granting a new trial.   The suit is ejectment for one hundred and twenty acres of land in Jefferson county. The petition is in the usual form.   Zebulon Pritchett is

the common source of title. The answer of all the defendants, except Sarah Jane, is a general denial and a plea of mistake of the scrivener which the defendant William F. Pritchett asks to have corrected. Sarah Jane answered separately and admitted the allegations of the petition.

The case made is this: By a deed dated December 4, 1874, and acknowledged February 6, 1875, Zebulon Pritchett and Asenath his wife conveyed the land to their son, the defendant William F. Pritchett, and Sarah Jane his wife, ''in trust for the sole use and benefit of their children, Louis Sherman, John Marshall, Asenath Catherine, and any other children that may be born to them in future.'' Thereafter two other children were born to them, Elizabeth and Callie Jane.

At the time of the trial they were all of age, the youngest being eighteen or nineteen years old.

But one witness testified upon the subject of this conveyance, and that was Mrs. Ella Craig, the widow of the justice of the peace who prepared and acknowledged the deed, and she said she was present when the deed was drawn and the grantor, Zebulon Pritchett, said he wanted it fixed so that his son could not squander the land and so ''he would keep it to raise his children.''

The plaintiff then proved that William F. Pritchett gave the defendant Charles Waldron a mortgage on the land to secure him for the taxes he agreed to pay on the land, but that the plaintiff William S. Ottomeyer paid the taxes, so that there was no consideration for the mortgage.

The plaintiff proved the rental value of the land. It was agreed that the defendant William F. Pritchett was in possession of the land.

The plaintiff also introduced a warranty deed from Louis Sherman Pritchett and wife, John Marshall Pritchett and wife, Elizabeth Gully (nee Pritchett) and husband, and Callie Jane Pritchett, to the plaintiff William S. Ottomeyer, conveying their four-fifths interest in

the land, and showed that the other one-fifth was owned by the plaintiff Asenath Catherine Ottomeyer (nee Pritchett).

The defendant then introduced over plaintiff's objection, a conveyance, called a deed of correction, from Zebulon Pritchett, widower, to William F. Pritchett and Sarah Jane, his wife, dated January 11, 1900, wherein it is recited that it was the intention of the grantor by the deed of December 4, 1874, to convey a life estate in the land to William F. Pritchett and his wife Sarah Jane, and the remainder in fee to their children, and that the scrivener made a mistake in not so drawing the deed, and therefore this deed is made so as to correct the mistake and to vest the property in that way.

The case was tried without a jury and the court entered judgment for the plaintiffs for possession, sixty dollars damages, and fixed the monthly rents and profits at five dollars.

In due time the defendants filed a motion for a new trial. The court sustained the motion, assigning as reasons for doing so, that the judgment was against the evidence; that the court erred in excluding competent testimony offered by the defendants, and that the judgment was for the plaintiffs when it should have been for the defendants. From this order the plaintiffs appealed.

I.

The record fails to show that the court excluded any evidence that was offered by the defendants. The only evidence the defendants offered was the deed of correction, and by recalling Mrs. Craig for further cross-examination, and she answered every question that was propounded to her, without any objection from any one, and repeated her statements previously made as to the purpose expressed by Zebulon Pritchett at the time he made the original deed.

The reason given for granting a new trial, because the court had excluded competent testimony offered by the defendants, was therefore a clear misapprehension of the court.

## II.

The other reasons given for granting a new trial were, that the judgment was against the evidence, and that it was for the plaintiffs when it should have been for the defendants.

There is only one possible theory upon which this conclusion of the court could be based, and that is that the evidence of Mrs. Craig showed that Zebulon Pritchett had intended by the original deed to create a life estate in William F. and Sarah Jane Pritchett, and that the scrivener made a mistake in not so vesting the title, or else that the deed of correction itself was evidence of such intention, and that the children of William F. and Sarah Jane, living at the time and thereafter born, could be divested of their estates in the land, without their consent, by their grandfather, over fifteen years after their interests became vested under the original conveyance.

In either view the trial court was clearly in error. There is no conflict in the oral testimony, as all of it upon the principal matter in controversy was given by Mrs. Craig, and it was all to the effect that there had been no mistake of the scrivener in drawing the deed. Therefore, there was no room to say that the judgment in favor of the plaintiffs was against the evidence.

It could not be that any one would think that after Zebulon Pritchett had made the original deed conveying the land to his son William and his daughter-in-law Sarah Jane, in trust for their living and to-be-born children, he could by any act of his change or impair or defeat the estates vested in them, either by any act or by any declaration of his, whether ascribing a mistake

to the scrivener or otherwise. Such a change could only be made by a court, with all the parties before it, or by the consent of the beneficiaries in the deed. This rule is so elementary that it needs no citation of authority to support it. And justice to the learned trial judge excludes the hypothesis that his action was based upon such being the effect of the deed of correction or of it being in the power of the grantor to so change the estates of the beneficiaries in the original deed.

The rule has heretofore been announced by this court that a trial judge has a discretion to grant one new trial, and that where there is any substantial evidence in the case upon which to base such a ruling, this court will not interfere, unless the case is such that no verdict in favor of the party to whom the new trial was granted could ever be allowed to stand. [Hoepper v. Southern Hotel Co., 142 Mo. 1. c. 387; Haven v. Railroad, 155 Mo. 216; Herndon v. Lewis, 175 Mo. 116.]

This is a case that falls within the exception to the rule thus stated. There is no substantial evidence, in fact not a scintilla of evidence, in the case that any mistake was made by the scrivener in drawing the original deed, but the evidence is all exactly to the contrary. And if a judgment was ever entered in favor of the defendants in a case where the facts are as here developed, this court would be compelled, under its superintending control over all inferior tribunals, to set such a judgment aside.

Under the facts stated, the plaintiffs made out a complete case, and the defendants showed no defense whatever. The judgment was for the right party, and the motion for a new trial should have been overruled. Counsel for appellants states in his brief that the court granted a new trial on the faith of Baker v. Nall, 59 Mo. 265. That case is not decisive of the case at bar. There the conveyance was to the husband in trust for his wife for life, and thereafter for her children. The wife died and all of the children had attained their majority ex-

cept one. The husband leased the property. It was properly held that the trust had not ceased, because one of the children was still a minor. It is not necessary now to further comment on that case. In this case there was no special function that the trustee was charged with except to hold the property for his children. When the children became of age the trust became a dry trust, and the statute of uses executed it, and vested the legal title in the beneficiaries.

For these reasons the judgment of the circuit court awarding the defendants a new trial is reversed and the cause is remanded to that court with directions to set aside its order sustaining the motion for a new trial, and to enter an order overruling the motion for a new trial, and to enter judgment as originally decreed in favor of the plaintiffs.

All concur.