GEORGE Y. HULL, Respondent, v. NORMAN W. PHILLIPS, Appellant.

Kansas City Court of Appeals, January 6, 1908.

1. **CONDEMNATION: Damages: Who Entitled To.** After the appointment of commissioners to assess the damages for the grading of an avenue the owner conveyed the same by warranty deed. *Held*, the grantee, being the owner at the time of the assessment of the damages, was entitled to such damages, since the right to the damages only became complete when the right of the public became complete, which was after the grantee became the owner of the land; possibly otherwise had the damages been assessed before the conveyance.

2. ————: ————: ————: **Attorney's Fee.** Without passing on the applicability of the statute giving an attorney a lien for his fee, it is held that the statute was not complied with in giving

notice to the plaintiff. And, *held*, his mere knowledge of the employment of an attorney by his grantor to secure damages in the condemnation proceeding could not inform the grantee that the attorney was to have part of the damages as his fee.

3. ———: ———: ———: **Motion to be Made Party.** It is immaterial what other matters a motion to be made party in the grading proceeding may have asked when it is certain that it was tried as a claim for damages as contemplated by the statute.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

AFFIRMED.

*Kendall B. Randolph* for appellant.

(1) The motion of the respondent is unauthorized by the law and states no ground for the relief sought, and the judgment thereunder is void and of no effect. Laws of Missouri, 1903, p. 74, amending section 5665, R. S. 1899; R. S. 1899, sec. 5666-5680; Bickley v. Railroad, 68 Mo. App. 496; Stewart v. White, 98 Mo. 226; Kiebler v. Holmes, 58 Mo. App. 119; Hilton v. St. Louis, 99 Mo. 208; St. Louis v. Meier, 8 Mo. App. 579. (2) Respondent has no claim against the city of St. Joseph. To entitle a person to be made a party to a pending action upon their own motion, such person must have some interest in the subject of the litigation adverse to the plaintiff. R. S. 1899, sec. 543; Boyer v. Hamilton, 21 Mo. App. 524; Kortjohn v. Seimers, 29 Mo. App. 276; Danforth v. Lour, 53 Mo. 217; Rumsey Mfg. Co. v. Baker, 35 Mo. App. 217. (3) The appellant contends that the respondent is not entitled to the damages awarded by the commissioners, simply by virtue of the deed executed by appellant to him. Hilton v. St. Louis, 99 Mo. 208; St. Louis v. Meier, 8 Mo. App. 579; St. Louis v. Meier, 77 Mo. 13; Lancaster v. Insurance Co., 92 Mo. 467. (4) The attorney who filed the claim and conducted it to a successful termination, under an agreement for a contingent fee, cannot have the pro-

ceeds of his labors taken from him in the manner herein attempted. The attorney has a lien on the judgment for his services, which cannot be affected by any act of his client. Laws of Mo., 1901, p. 46, sec. 1.

*George Y. Hull* and *Sterling P. Reynolds* for respondent.

(1)   Respondent's motion was the proper way to determine this matter. R. S. 1899, sec. 5677. (2) The warranty deed from appellant to respondent, introduced in evidence, conveyed to respondent the title to the real estate and all things that pertained thereto, and gave respondent the right to collect damages. Kiebler v. Holmes, 58 Mo. App. 119; Whyte v. Kansas City, 22 Mo. App. 409; City v. Hamilton, 43 Mo. 282; Hilton v. St. Louis, 99 Mo. 199.    (3)   Appellant made a deed of general warranty to respondent before the commissioners met as this record shows and the day after they were appointed, as the record shows, and under the law appellant is estopped to set up that he did not convey all his interest in the real estate.    Rogers v. Ramey, 137 Mo. 598.    (4)   There never was a lien in this matter and could not be under session acts, 1901, page 46, for the following reasons:    First. There was no suit brought as required by section one of said act. Second.    Because there was no notice as required by section two of said act.

ELLISON, J.—In November, 1905, the city of St. Joseph duly directed the grading of King Hill Avenue in said city.    Under the provisions of law a copy of the ordinance was filed in the Buchanan Circuit Court for proceedings in pursuance of law.    At this time defendant was the owner of real property along such avenue which was affected by such proposed grading. On September 3, 1906, the circuit court appointed commissioners to assess damages and benefits to property.

On the next day, before a meeting had by the commissioners, the defendant conveyed the property by warranty deed to the plaintiff.   Four days after this deed, viz: on the 8th of September, the commissioners made their report assessing damages to the property deeded to plaintiff in the sum of three hundred dollars.   This report was confirmed by the court on November 2, 1906.

Afterwards, at the May Term, 1907, the plaintiff filed his motion claiming the damages as purchaser of the property.   This motion was made under the provisions of section 5677, Revised Statutes 1899, of the charter of cities of the second class, providing that when the damages are paid into court and there be more than one claimant, the right thereto may be determined by the court on the motion of the claimant.   The defendant filed an answer to this motion denying generally, each of its allegations, and setting up that at the beginning of the proceedings he employed an   attorney (naming him) "by which he agreed to pay him one-third of all damages which should be recovered; that said attorney performed the necessary services to procure the allowance of damages shown on the records of this court. Wherefore said Phillips asks to be discharged with his costs."   The trial court ruled that the damages belonged to the plaintiff and gave judgment accordingly.

The view of the trial court, in our opinion, was correct.   Before any damages had been assessed by the commissioners the defendant sold and conveyed the property to plaintiff.   The property to be damaged— the property for which the assessment was made—was plaintiff's property, purchased by him outright, without reserving such damages.   We cannot understand why he should not be entitled to them when paid into court.   His right is supported by Kiebler v. Holmes, 58 Mo. App. 119.   The city might at any time have abandoned the proceedings before a confirmation of the re-

port of the commissioners.    [Kansas City v. Railroad, 189 Mo. 245, 259; Whyte v. Kansas City, 22 Mo. App. 409.]    If the city had done so, would defendant have had any claim against plaintiff?    Whatever the property was damaged was plaintiff's loss; and if the proceeding had been discontinued by the city before confirmation of the report, the property would have been left in plaintiff's hands unharmed.    The right to the damages only became complete when the right of the public became complete, and that was long after plaintiff became the owner.    [Whyte v. Kansas City, *supra.*]

If the damages had been assessed and the report of the commissioners had been confirmed before the sale, then defendant's claim would have had more substantial basis.    For it has been decided that a deed to the land would not assign the damages which had grown out of an injury to such land.    [Hilton v. St. Louis, 99 Mo. 208; Losch Appeal, 109 Pa. St. 72.]

The claim made that the attorney has a lien on the amount of the damages assessed cannot be allowed. Passing by without deciding whether this is such character of case as would allow a lien, we find the record does not show that such attorney ever notified plaintiff that he had a contract for a certain per cent of what was recovered, as is required he should do by section 2, Laws 1901, p. 46.    If it be conceded that plaintiff knew an attorney was employed in securing an allowance of damages, he could not have known that he was to have a part of such damages as his fee.

Criticism is made of plaintiff asking in his motion to be made a party to the proceeding for grading the avenue.    We do not regard this as of any substance. It is of no moment what other thing the motion may have asked, since it is certain that it was tried as a claim for the damages, as is contemplated by the statute.

The judgment is affirmed.    All concur.