MIRANDA J. QUINN et al., Appellants, v. CITY OF COLUMBIA, Respondent.

Kansas City Court of Appeals, January 16, 1911.

1. PLEADING: Motion to Strike Out: Inconsistent Positions. If the plaintiff asks and obtains an order of court striking out a special defense, set up in addition to a general denial, on the ground that such matter, if a defense at all, was admissible under the general denial, he cannot afterwards complain of the admission of evidence of such matters on the ground that it was not specially pleaded.

2. CHANGE OF GRADE: Higher and Lower Level. If the natural surface of a street is lower on one side than the other, the fact that a sidewalk has been built on the grade of the upper

side does not prevent legal damages to the property on the lower side caused by raising the grade to a level of the other side by filling in and thereby leaving such property below the street as thus graded.

Appeal from Boone Circuit Court.—*Hon. N. D. Thurmond,* Judge.

REVERSED AND REMANDED.

*N. T. Gentry* for appellants.

(1)    Error was committed by the trial court in giving defendant's instruction No. 1. The answer, which was read to the jury, and upon which the cause was tried, was simply a general denial; accordingly such an instruction was erroneous. In other words, even though there may be evidence to justify the giving of an instruction, yet the defendant 'is not entitled to such an instruction, unless his answer tenders such an issue. The instruction referred to was to the effect that the plaintiff could not recover, if the sidewalk on the east side of the street in front of plaintiffs' property had been previously constructed on the same grade with the sidewalk on the west. Kirby v. R. R., 85 Mo. App. 349; Thompson v. Buckholz, 107 Mo. App. 125; Bliss on Code Plead., secs. 339-340. Besides, this instruction in inconsistent with, and contradictory to plaintiffs' instructions; and it has always been held error to give inconsistent instructions. Wallack v. Transit Co., 123 Mo. App. 167; Porter v. R. R., 199 Mo. 82; Vanslyck v. Mills, 34 Iowa 375; Blachfield on Instructions, sec. 73; Sackett on Instructions, p. 25. (2) For a long time past, it has been held that a municipal corporation is liable for damages to adjacent property, caused by making a fill in the street abutting on said property; and plaintiffs' instructions properly declared the law on that subject to the jury. Schrodt v. St. Joseph, 106 Mo. App. 627; Reed v. Peck, 163 Mo. 333;

Walker v. Sedalia, 74 Mo. App. 70; Smith v. Kansas City, 128 Mo. 23; Harmon v. Omaha, 17 Neb. 548; s. c., 23 N. W. Rep. 503; Shawnetown v. Mason, 82 Ill. 337; Werth v. Springfield, 78 Mo. 107; Hutchinson v. Parkersburg, 25 W. Va. 226; City Council v. Townsend, 80 Ala. 491; Reardon v. San Francisco, 66 Cal. 492; Dillon on Mun. Corp. sec. 995; Elliott on Roads and Streets (2 Ed.), secs. 465, 487 and 498; 2 Abbott on Mun. Corp., sec. 813; Tiedeman on Mun. Corp., sec. 329. (3) And our courts hold that the defendant city is liable for damages to adjacent property, even though the fill does not extend the entire width of the street; any change which which injures adjoining property is sufficient to create a liability on the part of the municipality. Schurmacher v. St. Louis, 3 Mo. App. 297; Stickford v. St. Louis, 7 Mo. App. 217; s. c., 75 Mo. 309.

*H. A. Collier* and *E. W. Hinton* for respondent.

(1) The appellant is in no position to complain that the defendant's first instruction submitted an issue not raised by the pleadings, in telling the jury that the building of the sidewalk did not amount to a change of grade, if laid to conform to the natural surface on the opposite side, because a special plea alleging this very matter was stricken out on the plaintiff's own motion. Steele v. Dormer, 124 Mo. App. 338; Mills v. Taylor, 85 Mo. App. 111; Johnson v. Simmonds, 61 Mo. App. 395. It is hardly consistent to urge in this court that a special plea was necessary, after persuading the trial court to strike it out. In short appellant is in the attitude of urging that the case be reversed in order that a plea, stricken out on his own motion, may be repleaded. (2) There was no occasion to plead specially in this case because the matter was strictly negative and went directly to disprove the truth of the charge that the grade had been raised. Akers v. Kalkmeyer, 97 Mo.

App. 520; Kaminski v. Iron Works, 167 Mo. 462; Spar-
ling v. Conway, 75 Mo. 510. (3) It is fundamental that
a general denial puts in issue the truth of every travers-
able fact alleged in the complaint, and that under such
a plea the defendant may controvert the truth of every
matter in issue by any sort of competent evidence
whether negative or positive. The defendant's third in-
struction was correct as a matter of substantive law in
telling the jury that if the sidewalk protected the pro-
perty from surface water and thereby rendered it more
desirable, that amount to a special benefit which the
jury should take into consideration in estimating the
damages. Rives v. Columbia, 80 Mo. App. 178. The
instruction is not open to the criticism that is singled out
and gave undue prominence to particular facts, because
it simply amounted to a concrete definition of special
benefits as applied to this case. Fleisch v. Ins. Co., 58
Mo. App. 606; Stewart v. Sparkman, 75 Mo. App. 106;
Fleming v. Ry., 89 Mo. App. 129. The rule invoked by
appellant applies to instructions dealing with mere evi-
dential facts, and which invade the province of the jury
by selecting portions of the evidence and give it undue
prominence in relation to the issue, instead of leaving
the jury free to consider all of the evidence. (3) There
was no error on the part of the trial court in refusing
to permit plaintiff's counsel to tell the jury in his ar-
gument that the plaintiff would have to pay for the side-
walk in controversy, and would have to pay for grading
the street when that should be done, because the liabili-
ty of the plaintiff to pay for improvements was a matter
of law which must be put to the jury by means of writ-
ten instructions, if at all. Dean v. Chandler. 44 Mo.
App. 243; State v. Jones, 153 Mo. 462; Heller v. Pub.
Co., 153 Mo. 215.


ELLISON, J.—Plaintiffs are the owners of proper-
ty abutting on one of the defendant's streets. Defend-
ant graded the sidewalk on plaintiffs' side of the street

by filling to the heighth of fourteen inches, and the lat-
ter brought this action, claiming that this property was
damaged by thus raising the grade in its front. The
judgment in the trial court was for the defendant.

Defendant's answer was a general denial, and also
the following:

"For a further answer, defendant avers that at
and prior to the alleged change of grade mentioned in
the petition, the opposite side of the street from plain-
tiff's property was higher than the west side thereof,
where the same abuts plaintiff's property, and that for
a long space of time said east side had been improved
and a sidewalk maintained at and on the natural sur-
face thereof, and that said sidewalk mentioned in the
petition was built and constructed upon the same grade
used and maintained on the east side of said street, and
that by reason of the premises, this construction of said
sidewalk upon the grade aforesaid was not a change in
the grade of said street."

That part of the answer, just quoted, was stricken
out by the court on the plaintiffs' motion. Afterwards
they objected to an instruction embodying a hypothesis
of defense as set up in the answer, on the ground that
such defense was not pleaded. This is an inconsistency
opposition which cannot be allowed. [Steele v. Darner,
124 Mo. App. 338.]

But the ground upon which it was stricken out was
that the matter thus alleged, if a defense at all, could
be admitted under a general denial, in other words, was
a matter that did not need to be specially pleaded. In
keeping with this theory, evidence was admitted in de-
fendant's behalf, going to show a state of facts like those
set up in the stricken pleading. And further along, the
trial court instructed the jury, in effect, that if these
matters were believed, a defense was made out and plain-
tiffs did not have a case.

Defendant's position, then, is this: That no matter
what difference in the level of the ground on the two

sides of a street, if a grade has been established and made, on one side, there can be no damage of which the law will take notice to the property on the other side in bringing it up to, or cutting it down to, the grade of the side first established. Thus, if from one side of a street to the other there was a sharp or precipitous fall of, say, twenty feet, and a grade for sidewalks was made along the natural surface on the high side, which, to bring to a common level, would require a fill of twenty feet on the low side, that when such fill was made no damage to the property on the low side would follow.

We do not think it would be just or safe to establish that as an arbitrary rule; nor do we find that the case of Davis v. Ry. Co., 119 Mo. 180, is authority for such rule. If there is a material change of grade from the natural surface, the abutting property owner had redress in damages. [Hickman v. Kansas City, 120 Mo. 110; Smith v. St. Joseph, 122 Mo. 643; Cole v. City of St. Louis, 132 Mo. 633.]

The foregoing makes it unnecessary to notice some other causes stated for reversal. The judgment is reversed and the cause remanded. All concur.