ANNA SCHULTZ, Appellant, v. METROPOLITAN STREET RAILWAY COMPANY, Respondent.

### Kansas City Court of Appeals, February 19, 1912.

1. **NEW TRIAL: Abuse of Discretion: Negligence.** Plaintiff sued for damages for personal injuries and obtained judgment. The trial judge sustained a motion for a new trial without stating upon what ground. *Held*, that the order of the court in sustaining the motion for a new trial will be sustained, as it was within the discretion of the court to grant a new trial because the verdict was against the weight of the evidence, which was one of the grounds set forth in the motion, and in this case the court did not abuse its discretion as the verdict was against the weight of the evidence.

2. ————: ————: **Weight of Evidence.** An order granting a new trial without assigning the grounds therefor, is not invalid if it finds support in any of the grounds set forth in the motion for a new trial, and where there is room in the evidence for a reasonable conclusion that the verdict was against the weight of the evidence the appellate court will assume that it was granted on that ground.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas*, Judge.

AFFIRMED.

*Ben T. Hardin* for appellant.

*John H. Lucas* and *Bruce Barnett* for respondent.

JOHNSON, J.—This is an action by a passenger against a common carrier to recover damages for personal injuries alleged to have been caused by the negligence of the carrier. The answer is a general traverse. A trial of the issues resulted in a verdict for plaintiff for $2500. Defendant filed a motion for a new trial which contained a number of grounds, among them, the allegation that the verdict was against the weight of the evidence.

After hearing the motion argued the court took
it under advisement and afterwards sustained it with-
out stating in the order made of record the ground on
which the motion was sustained. Plaintiff appealed
and in the brief and argument of her counsel attempts
to bring our notice occurrences relating to the dis-
position of the motion for a new trial which were
not made matters of exception and, therefore, are not
in the record. The gist of these alleged incidents is
that the only grounds for a new trial argued by de-
fendant were alleged errors of law committed at the
trial and especially error in the instruction given at
the instance of plaintiff on the measure of damages
and that the omission from the order granting a new
trial of a statement of the ground on which it was
granted was not inadvertent but intentional, the trial
judge refusing to give heed to plaintiff's demand that
the ground be stated. We must follow the record and
since plaintiff did not choose to incorporate therein
these things she considers so important, we cannot
give them any consideration and, looking to the rec-
ord alone, must assume that the omission to state
the ground for the ruling granting a new trial was
inadvertent and not intentional.

We find in the record no error of law of a char-
acter or effect prejudicial to defendant. The only
error in the briefs is that assigned against the fol-
lowing instruction: ''If you find in favor of the plain-
tiff, then you will assess her damages at such an
amount as you believe from the evidence will be a fair
and just compensation to her for the injuries in ques-
tion, if any, she received to her back, spine, her sides
and limbs and her internal organs, and for shock, if
any, to her nervous system, and all physical pain and
mental anguish, if any, caused by such physical inju-
ries, if any, *and also, for any physical pain and men-
tal anguish, if any, which she is reasonably certain to*

*suffer in the future,* in all, however, not to exceed the sum of five thousand dollars.''

Counsel for defendant say in their brief: ''The italicized portion of the instruction authorized the jury to compensate plaintiff for any future physical or mental pain which she will suffer in the future, without regard to whether such suffering may be the·result of her fall from the street car or not.'' That objection is most hypercritical and does violence to the plain meaning of the instruction which, of course, must be read as a whole. No· juror of ordinary intelligence could read that instruction without understanding that he could not award plaintiff any damages except those that were caused by the injuries she received in consequence of the pleaded negligence. We cannot assume that the jury were deficient in intelligence or were looking for a pretext to enlarge plaintiff's damages.

Plaintiff adduced substantial evidence in support of her alleged cause of action and the record discloses only one ground on which the trial court properly could have sustained the motion for a new trial, viz., that the verdict is against the weight of the evidence. We shall not give a detailed recital of the evidence. That of plaintiff tends to show that while she was alighting from the car which had stopped at a regular stopping place it suddenly started forward and threw her to the pavement and that she received injuries to her internal organs of a serious and permanent nature. The evidence of defendant contradicts that of plaintiff both as to the cause of her fall and as to the consequences thereof. If we were sitting as the triers of fact we would hold that the evidence of plaintiff, though substantial, was greatly outweighed as to both of the principal issues of fact by the opposing evidence and in the light of the record we must assume that the trial·judge granted the new trial on the ground that the verdict was

against the weight of the evidence. If he did he did not abuse the discretion the statutes authorize him to exercise. They authorize a trial court to give one new trial on the ground that the verdict is against the weight of the evidence and provides that "every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted." [Section 2023, Rev. Stat. 1909.]

In Rodan v. Railroad, 207 Mo. 1. c. 406, the Supreme Court say, in speaking of the discretion vested by law in the trial court in the granting of new trials: "It must be assumed as a commonplace of the law, arising to the level of an axiom, that the granting of a new trial rests within the sound discretion of the trial court; and its action in that behalf will not be disturbed on appeal unless it appears that its discretionary power was abused, i. e., exercised in an arbitrary or improvident manner." And in commenting on this and another prior decision the Supreme Court say in Loftus v. Railway, 220 Mo. 1. c. 481:

"Both of those cases announce the proper rule in cases where judicial discretion has been exercised as to the facts and the weighing of the evidence as to the facts. In such cases we will not disturb such discretion in a case wherein there is sufficient evidence to sustain a verdict in favor of the party for whom such discretion has been exercised."

The rule thus stated supports our conclusion that the action of the trial court in sustaining the motion on the ground stated was not an abuse of discretion and we pass to the questions of whether or not we may assume that such was the ground of the ruling and of whether or not an order granting a new trial that fails to state the reason is efficacious or should be treated as a nullity.

In Lead & Zinc Mining Co. v. Webster, 193 Mo. 351, the order failed to specify the ground on which

the new trial was granted. The opinion thus states the rule that governs such cases: "Although the order of the court did not specify the grounds upon which the new trial was granted, the order will be sustained if, on any grounds set forth in the motion, it ought to have been sustained. [Hewitt v. Steele, 118 Mo. 463; Bank v. Wood, 124 Mo. 72; Kreis v. Railroad, 131 Mo. 533.]"

The court then disposes of an alleged error in the admission of evidence finding that no error had been committed in the trial of the cause and then proceeds, as we are doing, to ascertain if the order could be sustained on the ground that the verdict was against the weight of the evidence. On this subject the opinion says, "but there is another ground in the motion upon which it may have been sustained, i. e., that the verdict is against the weight of the evidence; and as this was the first trial of the case it was within the discretion of the court to grant a new trial on that ground, a discretion that this court will not interfere with unless, upon the undisputed facts in the case, no verdict for the plaintiff would ever be allowed to stand. [Ottomeyer v. Pritchett, 178 Mo. 160; Warner v. Railroad, 178 Mo. 125; Herndon v. Lewis, 175 Mo. 116.]"

This decision is authoritative and answers the questions under consideration against the contention of plaintiff. We do not understand that the Supreme Court overruled the decision we have just discussed, in the later case of Stoner v. Royar, 200 Mo. 444. The view of Judge VALLIANT that if the omission from the order of the ground on which the new trial was allowed were accidental "it was a neglect of duty, if it was an intentional omission it was a willful violation of law and in either case was an injustice to the appellant," is sound and cannot be gainsaid, but falls short of being a pronouncement of a new rule to the effect that such an omission, of itself, will render the order nugatory.

Our conclusions are that the order was not invalid on account of the omission; that it should be sustained if it finds support in any of the grounds assigned in the motion for a new trial and that since there is room in the evidence for a reasonable conclusion that the verdict was against the weight of the evidence, we must assume the order was made on that ground and that the discretion vested by law in the trial court was wisely exercised.

The judgment is affirmed. All concur.