GUY E. CROWELL, Respondent, v. ST. JOSEPH & GRAND ISLAND RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 2, 1914.

NEW TRIAL: Weight of Evidence. Where there is sufficient evidence against a verdict to have upheld it had it been for the other party, the trial court's discretion in granting a new trial because the verdict is against the weight of the evidence will not be disturbed.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

AFFIRMED.

*Robert A. Brown* for appellant.

*Hardin & Garrard* for respondent.

ELLISON, P. J.—Plaintiff was a passenger on one of defendant's trains in the State of Kansas. The train left the track and plaintiff was injured. He brought this action for damages alleged to have resulted and the verdict in the trial court was against him. He then filed a motion for new trial and this was granted by the court on the ground that the verdict was against the weight of the evidence and that error was committed in giving defendant's instruction number 1. Defendant appealed.

The evidence in plaintiff's behalf made a case for him under the rule of *res ipsa loquitur.* Defendant sought to explain the derailment of the train by evidence showing a strong wind was blowing and evidence tending to show the speed of the train, the curve of the track, the condition of the rails and ties, etc. The object being to show that it was not negligence but the act of God which caused the derailment. In other words that the wind blew the train from the track.

There was ample room for the trial court's opinion that the verdict was against the weight of the evidence.

When there is sufficient evidence against a verdict to have upheld it, had it been against the other party, the trial court's discretion in granting a new trial on the ground that the verdict is against the weight of the evidence will not be disturbed. [Herndon v. Lewis, 175 Mo. 116; Karnes v. Winn, 126 Mo. App. 712; Shultz v. Ry. Co., 161 Mo. App. 577, 578.]

The speed of the train, the curve of the track, limited force of the wind, as shown by parts of the testimony, and various circumstances connected with the derailment have such bearing on a consideration of the facts as to the cause bringing it about that we have no authority to question the court's discretion in granting the new trial.

The other ground for granting the new trial, viz., error in giving defendant's instruction number 1, was a good cause. The instruction cut out plaintiff's privilege to call to his aid the presumptions under the rule of *res ipsa loquitur,* and it should not have been given. [Price v. Met. St. Ry. Co., 220 Mo. 435, 463.]

The judgment is affirmed. All concur.