**UNION ELECTRIC COMPANY OF MISSOURI, a corporation, Respondent,**

**v.**

**Edward J. McNULTY and Edna McNulty, Husband and Wife, Appellants,**

**The Prudential Insurance Company of America, Defendant.**

**No. 48289.**

Supreme Court of Missouri,

Division No. 2.

March 13, 1961.

Vatterott & Shaffar, by Glennon R. Vatterott, St. Ann, and B. Richards Creech, St. Charles, for appellants.

Robert V. Niedner, Niedner & Niedner, St. Charles, for respondent.

BOHLING, Commissioner.

This is a condemnation proceeding by the Union Electric Company, a corporation, under Chapter 523, RSMo 1949, V.A.M.S., for a right of way across, among other lands, 260 acres owned by Edward J. McNulty and Edna McNulty, husband and wife, in St. Charles County, Missouri, for high voltage electric transmission lines. Commissioners appointed by the court assessed defendants' damages at $3,115, which plaintiff paid into court on October 30, 1959. Upon a trial of exceptions filed by plaintiff and defendants, a jury awarded defendants $23,000 damages. Plaintiff's motion for new trial was sustained on several grounds. Defendants McNulty have appealed.

Respondent's easement runs diagonally across a portion of appellants' farm, is 200 feet wide and 1900 feet long thereover, and has an area of 9.346 acres. Appellants retain such use of the land taken as will not endanger, or interfere with the construction, maintenance, or operation of respondent's said transmission lines. Appellants purchased the land December 12, 1957, paying therefor $94,000, or about $360 an acre, one year and ten months prior to respondent's taking. Appellants use one-half of the land for raising sod and the other half for raising grain. Part of appellants' land is across Mueller Road from 100 acres acquired by the City of St. Charles for the construction of sanitary sewage lagoons for a portion of the city sewage. The city paid $250 an acre for this land. Two 30-foot right of way pipe line easements, one of which includes an easement for telegraph and telephone lines, across appellants' land in the vicinity of respondent's right of way easement. Appellants' land has no frontage on a railroad. One of its corners is 500 feet from the Wabash Railroad.

Appellant McNulty valued his land just prior to the taking at $4,500 an acre and the damage to the entire tract after the taking (the difference in the fair market value before and after the taking) at $52,000. Appellants' witness William J. Monahan valued the land at $4,000 an acre prior to the taking and the total damage resulting from the taking at $48,000.

Respondent's witness Elmer Zerr testified to the sale of 523 acres of similar farm land to Monsanto Chemical Company in January, 1960, a portion of which has frontage on the Wabash Railroad. The corporation paid $750 an acre for the portion that fronted on the railroad and $350 an acre for the remainder of the farm. This land was purchased for agricultural research by the chemical company, and not with plans for erecting a manufacturing plant. About October 1, 1958, Dr. C. H. Kilker sold a 198-acre farm with good improvements, located about ½ mile from appellants' farm, for $293 an acre.

Appellants say the trial court erred in granting a new trial on the ground the verdict was excessive and contrary to the weight of the evidence.

■ Granting a new trial on the ground a verdict is excessive or inadequate is a holding that the verdict is against the weight of the evidence on that fact issue. Bailey v. Interstate Airmotive, Inc., 358 Mo. 1121, 219 S.W.2d 333[15], 8 A.L.R.2d 710; State ex rel. State Highway Comm. v. Liddle, Mo.App., 193 S.W.2d 625[1]; Supreme Court Rule 78.01, V.A.M.R. Such ruling is peculiarly within the sound discretion of the trial court, which may weigh the evidence, whereas appellate courts do not weigh the evidence in reviewing a jury tried action at law (Sofian v. Douglas, 324 Mo. 258, 23 S.W.2d 126, 129); and the trial court's action is not overturned unless the trial court has manifestly abused its discretion, as where its action is not supported by any substantial evidence. City of St. Louis v. Worthington, Mo., 19 S.W.2d 1066[1, 3]; State ex rel. State Highway Comm. v. Belvidere Development Co., Mo., 315 S.W.2d 781[2–4, 7, 8]; Parks v. Thompson, 363 Mo. 791, 253 S.W.2d 796 [3–5, 7].

In Empire District Electric Co. v. Johnston, 241 Mo.App. 759, 268 S.W.2d 78, 83 [7–9], and City of St. Louis v. Buselaki, 336 Mo. 693, 80 S.W.2d 853, 857[9], the condemnor sought a ruling by the appellate court that the award to the condemnee was excessive. Appellants' other citation, Ottomeyer v. Pritchett, 178 Mo. 160, 164(II), 77 S.W. 62, 63(2), did not involve the inadequacy or excessiveness of a verdict. All the evidence of probative value, including that offered by defendant, established plaintiff's claim. Hence, the order granting a new trial was unsupported by a scintilla of evidence.

■■ Appellants had the burden of establishing error upon their appeal. Bierman v. Langston, Mo., 304 S.W.2d 865; State to use of Consolidated School Dist. No. 42 of Scott County v. Powell, 359 Mo. 321, 221 S.W.2d 508[7]; 5A C.J.S. Appeal and Error § 1626. Appellants' citations fail to disclose any error. There is ample substantial evidence in this record for the trial court to award a new trial on the ground the verdict was excessive.

Appellants claim the court erred in granting a new trial for error in permitting William J. Monahan, an expert witness on value for appellants, to take into consideration the county zoning order, and to testify to the fair market value of appellants' land based upon its use for industrial purposes.

As stated, respondent paid the damages assessed by the commissioners into court on October 30, 1959. On November 2, 1959, the County Court adopted a zoning map and regulations for St. Charles County. These zoning provisions were not offered in evidence. Appellants had testimony that their land was zoned for heavy and light industry, which appellants contend is the highest and best use for which the land is adapted. Monahan testified that in arriving at the fair market value of appellants' property, he gave consideration to the following factors: the geographical location of the property; the zoning of the property; the competitive position of the property in relation to other similar properties, and the demand for properties of this type in the area; and that he assumed the 260 acres were zoned for industrial use. The court considered it had committed error be-

cause appellants had no evidence that their land was suitable or in demand for industrial use. Monahan viewed appellants' land in January, 1960. On cross-examination he testified that there was no light or heavy industry on appellants' land; that one could see it had always been used for farming purposes; and that while there he looked around and as far as the eye could see there was no heavy or light industry in any direction. Respondent's evidence was to like effect. Appellant McNulty failed in an attempt to have the Federal Housing Administration approve a plat of thirty acres of the land as a subdivision in September, 1959, testifyng the reason given was "it was too far from civic affairs." There is no substantial testimony of record that appellants' land was suitable or in demand for heavy or light industry.

■ Speaking to the fair market value of land taken in condemnation proceedings, appellants' case of Mississippi and Rum River Boom Co. v. Patterson, 98 U.S. 403, 408, 25 L.Ed. 206, 208, states: "Exceptional circumstances will modify the most carefully guarded rule; but, as a general thing, we should say that the compensation to the owner is to be estimated by reference to the uses for which the property is suitable, having regard to the existing business or wants of the community, or such as may be reasonably expected in the immediate future." Quoted in Chicago, B. & Q. Rd. Co. v. City of Chicago, 166 U.S. 226, 250, 17 S.Ct. 581, 590, 41 L.Ed. 979, where the following is added: "[I]t is well settled that 'mere possible or imaginary uses, or the speculative schemes of its proprietor, are to be excluded.'" In State ex rel. State Highway Comm. v. Williams, Mo., 289 S.W.2d 64, 66[6, 7]; Shell Pipe Line Corp. v. Bruns, Mo.App., 239 S.W.2d 546, 549[1, 2]; City of St. Louis v. Paramount Shoe Mfg. Co., 237 Mo.App. 200, 168 S.W.2d 149, 154 [9–12], there was evidence that the land was or in the near future would probably be available and adaptable to the use upon which the condemnee's claim for damages was based. See also Barnes v. North Carolina State Highway Comm., 250 N.C. 378, 109 S.E.2d 219, 229 et seq.

We think the law well stated and not out of harmony with appellants' authorities in 29 C.J.S. Eminent Domain § 160 p. 1026:

"In determining the uses of which the property is capable, it is necessary to have regard to the existing business or wants of the community or such as may reasonably be expected in the immediate future. This * * * means only that the fact of the property's capability or adaptability to the use may be considered as an element of its present value. Mere speculative uses cannot be considered. There must be some probability that the land would be used within a reasonable time for the particular use to which it is adapted. The adaptability of the land for a particular purpose is immaterial unless the present market value is enhanced thereby. There must be a present demand for the land for such purpose or a reasonable expectation of such demand in the near future." See In re Armory Site in Kansas City, Mo., 282 S.W.2d 464, 470; Chicago, B. & Q. Rd. Co. v. City of Chicago, supra; North Kansas City Development Co. v. Chicago, B. & Q. R. Co., 8 Cir., 147 F.2d 161[4]; Shell Pipe Line Corp. v. Bruns, supra; City of St. Louis v. Paramount Shoe Mfg. Co., supra, 168 S.W.2d loc. cit. 153[1–3]; 18 Am.Jur., Eminent Domain, 880, § 244, nn. 6, 9; Annotation, 173 A.L.R. 265. And see State ex rel. State Highway Comm. v. McCann, Mo. App., 248 S.W.2d 17[9].

■ We hold the trial court ruled correctly.

What we have said sufficiently disposes of all the other issues mentioned in appellants' brief insofar as they need be developed upon this review.

Respondent filed a motion to dismiss this appeal for failure of appellants to comply with Supreme Court Rule 83.05(a) (2, 3) and (c) (e), 4 RSMo 1959, p. 5017, V.A.M. R. Let it stand overruled without prejudice and with counsel's attention called to

the publishing of said rule in our dockets, the articles on appellate briefs by Judge A. P. Stone, Jr., in 15 Jour.Mo.Bar 80, by Judge Samuel A. Dew, in 26 K.C.U.L.R., No. 3, May, 1958, p. 47, and the following cases: Sullivan v. Holbrook, 211 Mo. 99, 103(b), 109 S.W. 668, 670(b); Turner v. Mitchell, Mo., 297 S.W.2d 458, 460[2]; Ambrose v. M. F. A. Co-op Ass'n, Mo., 266 S.W.2d 647, 648, 650, 651; Beeler v. Board of Adjustment, Mo.App., 298 S.W.2d 481, 482[1, 2]; Brown v. Thomas, Mo.App., 316 S.W.2d 234, 237[9]. We are in full accord with the observations made in the foregoing authorities.

The order granting respondent a new trial is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.