Harvey **MOHESKY** and Theresa Mohesky, his wife, Plaintiffs-Appellants,

v.

**CITY OF WASHINGTON** and Van Dennis, City Engineer, Defendants,

City of Washington, Defendant-Respondent.

No. 33059.

St. Louis Court of Appeals.

Missouri.

Sept. 17, 1968.

Thomas J. Briegel, Union, for plaintiffs-appellants.

Leo A. Politte and Emil L. Poertner, Washington, for defendant-respondent.

JAMES H. KEET, Jr., Special Judge.

Plaintiffs' petition prays $5,000.00 damages against the City of Washington and its city engineer because of their raising the grade of east-west Sixth Street, which in turn allegedly caused increased water flowage on their land and flooding of their basement in rainy periods and rendered part of the land inaccessible from the street, all resulting in a decrease in the property's value. Defendants' answer denies that any damage was caused and alleges, among other defenses not pertinent on this appeal, that the grade was raised in accordance with an ordinance establishing the grade in 1948.

The case was tried to a jury. Defendants' joint motion for a directed verdict at the close of all of the evidence was overruled. Verdict was in favor of plaintiffs and against the City for $3,500.00 but against plaintiffs and in favor of the city engineer. The trial court granted a new trial on the grounds of error in plaintiffs' verdict-directing Instruction No. 2 and the burden of proof Instruction No. 4 and excessiveness of the verdict. Plaintiffs appeal from the trial court's action in granting the new trial.

The City first established the grade of Sixth Street on April 5, 1948, by a duly enacted ordinance which was filed as a public record in the file for grading ordinances in the City Clerk's office. In 1955 a home with a basement garage was built on the lot at the southwest corner of Sixth and Henry Streets. On December 13, 1963, plaintiffs who had no prior interest in the property, bought the property, which fronts 65 feet on Henry Street and runs 180 feet along Sixth Street, in a new residential part of the city. Plaintiffs later put in some sidewalks and a few shrubs. The natural surface (oiled dirt with light rock stabilization) of Sixth Street was level and ran with the contour of plaintiffs' land, which sloped downward from both streets, the drainage being from northeast to southwest. The west 90 feet of the lot sloped downward away from Sixth Street and was about a foot lower than the street, which had a slope in it. The driveway had a retaining wall beginning at the south edge of Sixth Street west of the house and running to the garage. During plaintiffs' ownership, the property had no drainage problem except in an insignificant way at the west end of the lot because of a storm sewer.

In late 1965 the City raised and leveled the grade of Sixth Street from its natural surface in a workmanlike manner and not in excess of the established grade. At trial time, the east 90 feet of plaintiffs' land was about level with the new street grade but beginning at the west 90 feet of the lot was about one foot below the new street grade and this grade differential increased to 4 feet at the west boundary of the lot. After and because of the change of grade, according to plaintiffs' evidence, drainage water crossed the yard at the west end of the house, coursed into the garage door, and lodged debris and rocks on the west half of plaintiffs' property, and plaintiffs had to close the garage to keep the water out and could not use the garage.

Plaintiffs assert that Instructions 2 and 4 were proper and that the verdict was not excessive. We will not deal with the correctness of these instructions. We affirm the trial court's action in granting the City a new trial on the ground that the verdict was excessive.

■■■ The trial court's ruling that the verdict was excessive was a holding that the verdict was against the weight of the evidence. Greco v. Hendricks, Mo., 327 S.W.2d 241, 245. Such ruling is peculiarly within the sound discretion of the trial court, and its action will not be disturbed unless the trial court has manifestly abused its discretion, as where its action is

not reasonably and substantially supported by the evidence viewed in the light most favorable to the court's ruling. *Greco*, supra, 1.c. 245; State ex rel. SHC v. Vaught, Mo., 400 S.W.2d 153, 155; Union Electric Company of Missouri v. McNulty, Mo., 344 S.W.2d 37, 39.

The appellant has the burden of establishing error in the ruling. Union Electric Company of Missouri, supra, 1.c. 39. The record does not disclose any error. Substantial evidence reasonably supported trial court's action. The City's expert witness, Boland, testified that the change of grade caused very little, if any depreciation to the lot and not over about $500.00. The lack of persuasive or definite testimony as to the difference in value of the lot before and after the grading is apparent from the record. Plaintiffs' witness Hoeman testified that the difference in value of the land *and* improvements before and after the change of grade was about $3,900.00, and that a number of lots in the city would sell for $3,500.00, and any lot should bring $2,000.00. This suggests that not more than $1,500.00 of the $3,900.00 was damage to the lot—that is, the difference between $3,500.00 and $2,000.00. Witness Overschmidt testified for plaintiffs that the difference in value of the *improved* property before and after the grading was $3,400.00 and that Mr. Hoeman's value on the lot was far too low. This testimony is consistent with the trial court's ruling and does not aid plaintiffs.

The trial court did not abuse its discretion in sustaining the City's motion for a new trial on the ground that the verdict was against the weight of the evidence. It is the right and duty of the trial judge to consider and weigh the evidence in the light of his opportunity to hear and observe the witnesses and give their testimony such weight and value as he deems it entitled. Where the trial court determines that the damage was not so serious as to warrant the jury's award, this court has the duty on appeal, not to weigh the evidence, but to determine only whether there is evidence that substantially and reasonably supports the view and finding of the trial court. Combs v. Combs, Mo., 295 S.W.2d 78, 80. The court rules that the trial court did not abuse its discretion in any respect in granting the new trial for the ground of excessiveness of the verdict.

Defendant City urged in its motion for new trial and contends on this appeal that the trial court erred in overruling its motion for directed verdict at the close of all of the evidence, citing Bourland v. City of Jackson, Mo.App., 196 S.W. 1045, and Davis v. Missouri Pac. Ry. Co., 119 Mo. 180, 24 S.W. 777. *Bourland*, decided by this court, relied on the part of *Davis* which dealt with damages to improvements made after the establishment of the grade. Here we deal with damages only to the land itself, without reference to any improvements placed on it after the grade was established. Plaintiffs recognize this in their brief, even though testimony by their expert witnesses comingled opinions on damages to the land *alone* with assertions as to damages to the land *and improvements*. *Davis* held that an owner has a right to damages to the *land* alone caused by a material change of grade from the natural surface to an established grade. See also: Clinkingbeard v. City of St. Joseph, 122 Mo. 641, 27 S.W. 521; Smith v. St. Joseph, 122 Mo. 643, 27 S.W. 344; Cole v. City of St. Louis, 132 Mo. 633, 34 S.W. 469; Abercrombie v. Kansas City, 149 Mo.App. 539, 131 S.W. 129; Hull v. Phillips, 128 Mo.App. 247, 107 S.W. 21; Nestlehut v. City of De Soto, Mo.App., 202 S.W. 425.

The evidence, outlined above, was sufficient to submit to the jury the question of whether the land, without reference to the improvements, was damaged because of a material change in the street grade from its natural surface to a higher grade established before plaintiffs acquired the property. The trial court did not err in overruling defendant's motion for directed verdict or in granting a new trial.

The trial court's stated ground that there was error in Instructions 2 and 4 reveals that a new trial was granted on all issues. The record does not reveal whether the trial court would have limited the new trial to the issue of damages if it had concluded that there was no instructional error. Plaintiffs do not ask that the new trial be limited to damages only in the event we affirm the granting of the new trial. We conclude that the case should be retried on all issues regardless of whether there was instructional error, which question we do not decide.

The judgment of the trial court is affirmed and the case remanded for new trial on all issues.

ANDERSON, P. J., and RUDDY, J., concur.

WOLFE, J., not participating.